Nash, J.
 

 In the trial of this cause below, the only error committed, that I can perceive, was in receiving evidence of the handwriting of Staly, the subscribing witness, to prove the execution of the papers offered in evidence by the defendant. The testimony, however, was not objected to by the plaintiff, and, of course, it was l’eceived by con
 
 *4
 
 sent. The error, therefore, was not in the action of the Court; and neither party can now object to it. The general rule of evidence is, that when a deed, or other paper writing is attested, it must be proved by the attesting witness, if he is capable of being examined. If not so capable, proof of his handwriting will be sufficient. 1st Phillips’ Evidence, 473. Among the causes enumerated by Mr. Phillips for admitting proof, is that of an interest acquired by the witness, since his attestation. In
 
 Godfrey
 
 v
 
 Morris,
 
 1st Strange, 36, the attesting witness had, subsequently to his witnessing the bond, upon which the action was brought» become the administrator of the obligee, and he was, therefore, the plaintiff in the action. His handwriting was proved, because the interest had been created
 
 by the act
 
 of the law; it was thrown upon him by law, and was assumed for the benefit of others. And the rule has been extended to cases, where the witness, after attestation married the plaintiff, who sought to establish the instrument.
 
 Bulkley
 
 v
 
 Smith,
 
 2d Esp. R. 697. But in no case, that I have been able to find, does the rule operate, where the party, seeking to prove the instrument, has created the disqualification, or been the means of doing so, under circumstances justly subjected to suspicion of fraud; in other words, the circumstances must be free from all suspicion of fraud. This principle was adopted in our State, at an early period. In
 
 Hamilton
 
 v
 
 Williams,
 
 1st Hay. 139, in an action on a-bond, the attesting witness had become an assignee, and the plaintiff offered to prove his handwriting, but the evidence was finally rejected by the Court. The same question presented itself in the case of
 
 State
 
 v
 
 Bynum,
 
 2 Hay. 328. The defendant had executed the bond, on which the action was brought, to James Short, and it was attested by John Short, who was the assignee of James, and who assigned it to the plaintiff. The question was,
 
 *5
 
 whether the execution of the bond could be proved by proving the handwriting of the subscribing witness, and that of the obligee. The Court decided it could not. Judge Hall, in delivering the opinion of the Court, said, that the case was not at all like those, where the subscribing witness was dead, &c., “for such disqualification was not brought about by the agency of the obligee.” He then assigns the reason :
 
 “
 
 If such proof were competent, a forged bond may easily be established against any one, without swearing to a falsity.” In
 
 Johnston, assignee, v Knight,
 
 1st Murp. 292, the principle is again affirmed — the Court, in its opinion, observing, “ The subscribing witness is selected by the parties to bear testimony to their contract, in case a dispute should arise; that his production has been dispensed with only in cases of necessity, — as where he is dead, &c., or become interested by operation of law. But the necessity, in this case, arises entirely from the act of the person, (or, at least, with his concurrence,) who offers the lesser evidence, which certainly cannot, and should not, form an exception to the general rule.” The same principle is recognised in our sister State of Alabama,
 
 Bennett
 
 v
 
 Robinson’s Administrator,
 
 3 Stev. and Porter, 227. Best,. Justice, in
 
 Floville
 
 v
 
 Stephenson,
 
 5 Bingham, 493, observes,
 
 “
 
 But in the present case, the witness has only obtained an interest in the contract which he was to prove, and
 
 that interest he derived
 
 immediately from the plaintiff, who proposed to call him. The plaintiff cannot complain, that his witness is disqualified, when he himself has been the cause of the disqualification.” See Phillips on Evidence, page 468, and the note by Cowen and Hill, 881, page 1265-66, where the above cases are collected, and commented on. They fully prove the position, that, where a witness to a contract, subsequently to his attestation, acquires an interest in the contract, through, or un
 
 *6
 
 der, one of the contracting parties, he is an incompetent witness for the party so creating the interest, unless the circumstances entirely negative the idea of any fraud, as in the case of
 
 Bulkley
 
 v
 
 Smith,
 
 2d Esp. R. — nor can his handwriting be proved by such party.
 

 The facts in this case bring it completely within the rule established in those referred to, and show the extreme danger of admitting the evidence offered. Coble claimed the property in question, by a purchase from the intestate, and Staly was a witness to the alleged conveyance, and to him Coble, sold it. The plaintiff produced evidence to prove, that the paper purporting to be such conveyance, was a forgery, made after her death. To sustain that conveyance, it was proposed to give in evidence, the declarations of Staly. Could a case be described more emphatically calling for their exclusion ? The interest of Staly was acquired from Coble, and after his attestation. To admit such evidence, would be to open a very wide door to fraud, as it is a rule of law, that, where proof of the handwriting of an attesting witness is admissible, it is evidence of the execution of the instrument, and the sealing and delivery of it will be presumed. 1st. Phil, on Ev. 574. Staly was not a competent witness for the defendant Coble, nor was the latter entitled to prove his handwriting. It follows, as a necessary consequence, that his declarations, concerning the execution of the papers, was not evidence for his co-defendant nor himself, he being a party to the record. His Honor committed no error in rejecting the testimony offered.
 

 The proposition of the defendant, as to the declarations of Coble, was too broad. All that he said at that, time upon the subject, to which his declarations, as proved by the plaintiff, related, would have been competent. But the defendant did not so qualify his proposition. As stated by
 
 *7
 
 him in his bill of Exceptions, he wished to prove
 
 all
 
 that he said at that time. It might have embraced declarations «relevant to the issues, or if relevant, not connected with the declarations proved by the plaintiff, and forming no part of them. A party wishing for a
 
 venire de novo,
 
 because of testimony improperly rejected, must, in his Bill of Exceptions, set forth what the evidence was that he tendered, and not its effects, to enable the Court to see its relevancy. This evidence was properly rejected.
 

 Per Curiam. Judgment affirmed.