COMMONWEALTH *vs.* WILLIAM GAVIN, JR.

Hampshire.    Sept. 19. — Oct. 21, 1876.    COLT & MORTON, JJ., absent.

An indictment, alleging larceny of a number of bottles of whiskey and of brandy, is not sustained by proof that the defendant drew the liquor from casks into bottles which he took with him for the purpose.

INDICTMENT for larceny of "six bottles of whiskey, of the value of two dollars each bottle, six bottles of brandy, each bottle of the value of two dollars, of the goods and chattels of Charles H. White."

At the trial in the Superior Court, before *Allen*, J., there was evidence tending to show that the defendant, in company with two other boys, went with some empty bottles to a place at the head of certain outside stairs in front of a hotel, where the defendant stood, and the two other boys went down the stairs and in through a grating over an open window into a room where casks of liquor were stored by Charles H. White, and that the boys drew from the casks liquor and filled the bottles carried there by them, and after filling them carried them away, and that the defendant assisted in carrying them away, and assisted in drinking the liquor.

The defendant asked the judge to rule that there was a material variance between the proof and the allegation in regard to the subject matter of the larceny. The judge declined so to rule, but ruled that the variance was immaterial, and submitted the case to the jury. The defendant was found guilty, and alleged exceptions.

*D. W. Bond*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J.   As the evidence wholly failed to show any larceny of the bottles, the only question was as to the right to convict the defendant of the larceny of the liquors which were carried away in the bottles. The difficulty in so doing is that the offence proved does not correspond with the offence charged. It was unnecessary to allege that the liquors were contained in bottles, but the language of the indictment admits of no other construction than that it charges the larceny of bottles containing, or filled with, the liquors described. The effect of present-

ing the charge in this form is to render that averment a matter of description, requiring to be proved with exactness, as in the illustration, given by the text-writers, that the charge of stealing a black horse is not supported by proof of the stealing of a white one. 1 Greenl. Ev. §§ 56, 65. Every allegation, whether it be necessary or unnecessary, and whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, must be proved strictly and with exactness. *Commonwealth* v. *Wellington*, 7 Allen, 299. *United States* v. *Howard*, 3 Sumn. 12. *State* v. *Noble*, 15 Maine, 476. The authorities are numerous, and many instances of the application of the rule are collected in 2 Archb. Crim. Pract. (7th Am. ed.) 356, and in 2 Russell on Crimes, (7th Am. ed.) 788. Perhaps the most extreme case of the kind is that of *Alkenbrack* v. *People*, 1 Denio, 80, in which the charge was for stealing one white woollen flannel sheet, and the evidence was that it was made partly of cotton and partly of wool. A case more nearly resembling that now before us is *State* v. *Moore*, 11 Ired. 70, in which it was held that a charge of larceny of two barrels of turpentine required proof that the turpentine was in barrels.

It was suggested in the argument that the larceny of a bottle of whiskey means merely the larceny of the whiskey contained in the bottle. But as bottles are not of a uniform size, the term bottle has no recognized and established meaning as a measure of quantity. In this view of the case, the indictment would be reduced to a mere charge of stealing a quantity of whiskey, and a quantity of brandy, without naming any definite quantity of either. We hardly need say that such an indictment could not be sustained. 2 Hale P. C. 182. *Exceptions sustained.*