Gabriel v. The State of F orida—Opinion of Court.

ALFONSO GABRIEL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment or information for receiving stolen property must describe the property alleged to have been received, and when the property received embraces only part of what was stolen or is in form different from it, that received must be described, and not simply that which was stolen. A difference in description only in quantity or number will be immaterial, but matter descriptive of the property received is material and must be proven as alleged.

2. A charge of receiving stolen goods, to-wit: "Two cases of cigars, both of the value of $500,, will not be sustained by proof of the receipt by defendant of a lot of loose cigars not in cases, and not received directly from cases known to have been stolen, even though such cigars came from the cases of cigars which had been previously stolen.

   (Carter J., was of opinion that the Judgment ought to be affirmed.)

Writ of error to the Criminal Court of Record for Hillsborough county.

The facts of the case are stated in the opinion of the court.

*Wall & Hampton,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

Per Curiam.

This case was referred to the court to its commissioners for investigation, who have reported that it should be reversed. After consideration the court concurs in this view.

The information filed against plaintiff in error con-
tains two counts: the first for larceny, the second for
receiving stolen property.   The State elected to rely upon
the second count.   Plaintiff in error was convicted, the
count describing the property as "two cases of cigars,
both of the value of five hundred dollars," of the goods
and property of the Savannah, Florida and Western Rail-
way Company, a corporation.

Assignments of error urged here are that the court
erred in giving a certain charge at the request of the
State and in refusing one requested by the accused.   The
one given is as follows: "that while it is charged in the
information that defendant received two cases of cigars
which had been stolen, knowing them to have been
stolen at the time he received them, it is not necessary
for the State to prove that he received two cases, or any
other number; but if the State proves that the defendant
received any part of the cigars out of the two cases,
whether in or out of a case, or the property of the Savan-
nah, Florida and Western Railway Company, of any
value, which has been theretofore stolen, and knew at the
time they had been stolen, then you should find him guil-
ty."   The one refused reads:  "the informaiton charges
the defendant with receiving two cases of cigars, and
that they were stolen, and that at the time he received
them he knew them to have been stolen. but the court
charges you that it not sufficient for a conviction of the
defendant that the proof shows he received a lot of loose
cigars, neither in cases nor in boxes, even though all the
other elements of the charge are proven to your satisfac-
tion, beyond a reasonable doubt, and that the cigars re-
ceived by him came out of and were part of, the cigars so
stolen in the cases."

The proof show that two cases of cigars of the owner-
ship alleged were stolen, and according to one phase of
the evidence, the cases were unpacked and some of the
cigars taken therefrom and in a loose state were carried
to defendant's house the morning of the day following
that on which the cases were stolen and then received
by him.   There was testimony tending to connect defen-
dant with receiving the stolen cases of cigars before they
were broken and unpacked, but the accused had the
right to have the law correctly given under the court upon
which he was tried in any phase of the testimony which
the jury was authorized to accept favorably to him.
Shimmy, *alias* Simmons, was an accomplice, and admitted
convict of another grave offense, and contradicted in
several particulars, besides being inconsistent in his own
statements before the jury.   The credibility of his testi-
mony was for the jury, and the accused had the right
to have the jury instructed on the theory that his testi-
mony be entirely rejected. On the showing of the other
witnesses the jury might have found that defendant re-
ceived loose cigars carried to his house on the morning
after the cases of cigars were stolen, though taken out of
them by other parties than defendant, and on this phase
of the testimony the court erred, in our judgment, in giv-
ing the latter part of the charge excepted to and in re-
fusing to give the request refused.

In an indictment for receiving stolen goods the property
which was received must be described, and not that
which was stolen, if the one embraced only such part
of the other, or the other in such changed form that a
description of one could not apply to the other.   If the
difference is only in quantity or number, it would be
immaterial, as these allegations need not be proven pre-

cisely as made; but matter which is descriptive must be proven as alleged, to apply to the goods as received. The word "cases" as used here is not shown to have a recognized meaning as denoting packages containing a certain number or quantity of cigars; and even if it had such meaning, it should still be construed as descriptive of a case containing cigars, and not of a certain number of cigars without reference to their packing. The charge in the indictment would not be sustained, therefore, by proof of the receipt by defendant of a lot of loose cigars not in cases, or not received directly from cases known to be stolen. Commonwealth v. Gavin, 121 Mass. 54, S. C. 23 Am. Rep. 255; State v. Moore, 11 Ired. 70; 2 Bish. Cr. Proc., section 710; Rapalje on Larceny, etc., section 238. The charge refused states the law correctly, and it was error to refuse it. For the errors pointed out the judgment must be reversed.

Carter, J. dissenting.

In November, 1901, an information was filed in the Criminal Court of Record of Hilsborough county, charging plaintiff in error, by the first count, with larceny, and by the second court with receiving stolen property. The property was described in the second count as "two two cases of cigars, both of the value of five hundred dollars, of the goods and chattels of the said Savannah, Florida and Western Railway Company, a corporation, then lately before, feloniously stolen, taken and carried away." At the conclusion of the evidence for the State, the defendant offering no testimony, the State elected

to rely for conviction upon the second count, and upon that count defendant was found guilty, and from the sentence imposed sued out this writ of error. At the conclusion of the testimony the defendant moved the court to instruct the jury to bring in a verdict of not guilty on the ground that "the proof does not correspond with the allegations contained in the information." The motion was denied, an exception noted, and the ruling is assigned as error, and argued in this court. In its general charge the court instructed the jury that they must find that defendant received the "two cases of cigars described in the information or some portion thereof," as one of the elements necessary to support a conviction. At the request of the State the court further instructed the jury " that while it is charged in the information that the defendant received two cases of cigars which had been stolen, knowing them to have been stolen at the time he received them, it is not necessary for the State to prove that he received two cases, or any other number; but if the State proves that the defendant received any part of the cigars out of the two cases, whether in or out of a case, of the property of the Savannah, Florida and Western Railway Company, of any value which had been therefore stolen, and knew at the time they had been stolen, then you should find him guilty." This instruction was duly excepted to, and the defendant also excepted to the refusal to give the following instruction requested by him: "The information charges the defendant with receiving two cases of cigars, and that they were stolen, and that at the time he received them, he knew them not to have been stolen, but the court charges you that it is not sufficient for a conviction of the defendant that the proof

shows he received a lot of loose cigars, neither in cases nor in boxes, even though all the other elements of the charge are proven to your satisfaction beyond a reasonable doubt, and that the cigars received by him came out of and were part of the cigars so stolen in the cases." The testimony is clear that boxes of cigars containing fifty or less packed in cases, were by the agents of the S. F. & W. Ry. Co. placed in a freight car and the doors of the car closed and sealed at about 8 o'clock p. m., September 4, 1901; that about two hours afterward it was discovered that the car had been broken into and two cases of the cigars stolen. Some of these cigars in the boxes were on the fifth or sixth of September sold by John Simmons, otherwise known as "Shimmy" to Gordon Keller. John Lee, a hack-driver, testified that on the night of September 4th, he saw defendant and "Shimmy" at Bob Donaldson's; that Shimmy told him he wanted witness to haul some boxes; that defendant would pay for the hauling; that witness then and there asked defendant "how about the pay to haul these boxes;" that defendant told him to go ahead, that he would pay for the hauling; that subsequently defendant did pay for it; that thereupon he and Shimmy went for the boxes and took them to Shimmy's house, Shimmy telling him they were cigars and that he and a Cuban bought them from a factory and they would not be missed for six months. When Shimmy was arrested a few days later, defendant told Lee that he heard Shimmy was trying to get defendant and Lee into the "cigar business," and /that if anyone asked Lee "about these cigars, you tell them you don't know anythnig about them."

Joe Guzman testified that he was a cigar maker, and employed by defendant as such in his factory in Septem-

ber, 1901; that about 9 or 9:30 a. m., September 5th, de-
fendant sent him with Shimmy, telling witness he wanted
him to pack some cigars at defendant's house; that
witness went with Shimmy to the latter's house where
he saw a lot of three thousand or four thousand cigars
in a counterpane, some with wrappers on them, others
with no wrappers on them, but none of them in cases
or boxes; that Shimmy told him the cigars belonged to
defendant; that he went on to defendant's house where
he found defendant; that fifteen or twenty minutes after-
wards Shimmy came bringing the cigars—three thousand
or four thousand loose cigars—and he, at defendant's re-
quest, and in his presence, packed them loosely in a
trunk.  He also stated that the cigars were like those in-
troduced in evidence that had been purchaesd from Shim-
my by Gordon Keller, that he saw no cigar cases or
boxes while at Shimmy's house, and thought he would
have seen them had any been in the room.

John Simmons, otherwise known as Shimmy, testi-
fied that on the night of the fourth of September, after
the freight train left, defendant went to a certain place
and showed witness the two cases of cigars and told
witness he would give the latter $10 to let them re-
main at his house that night; that he employed Lee, the
hackman, at Donaldson's bar, to haul the cigars to wit-
ness' house; that witness went with Lee to the place where
the cigars had been left by defendant and put them in
the hack and carried them to witness' house; that he knew
defendant would not be able to pay witness the $10, so
witness opened one of the cases at his house and took
out twenty-four boxes of cigars, and Lee took out one
box, and witness nailed the case up again; that witness
carried twenty-three boxes of the cigars taken out by

him to Gordon Keller; that the next morning about 8 o'clock defendant came to witness' house and he and defendant unpacked the cigars by taking them out of the cases and boxes; that he loaned defendant a comfort to put the cigars in, and assisted defendant to carry them to defendant's house where the little wrappers were taken off and the cigars packed in a trunk by Guzman at defendant's request; that afterwards, on the same day, defendant returned to witness' house for the cases and boxes from which the cigars were taken.

The evidence does not show how many cigars were in each case, but the assistant State Attorney admitted in open court that they each contained five thousand cigars.

I have not stated all the testimony of the witnesses, but only such part thereof as appears to be necessary to determine the propriety of the instructions given and refused. The testimony of Shimmy was not only contradictory in many respects, and contradicted by other State witnesses in other respects, but he admitted he had been convicted of embezzlement and other crimes. Lee and Guzman also contradicted themselves in some respects, and there was testimony tending to show that Shimmy. Lee, and I think Guzman, were accomplices in the defendant's alleged crime. The credibility of these witnesses was, however, for the jury, and the court could properly charge the jury upon any tenable theory deducible from their testimony, leaving the jury to judge of the credibility of the testimony, and of the sufficiency of the evidence to sustain a particular theory. From the testimony of Shimmy, in part corroborated by Lee, two theories are deducible: One that defendant received the two cases of cigars on the night of the fourth; an-

other that he received the cigars or a part of them the next morning while they were being taken from the cases and boxes; or, to state it in another way, that the cigars were in his presence and partly by him taken from the cases, and that he received them or a part of them as they were taken from the cases. Upon either theory, in my opinion, he would be guilty under the second count of the information, and there would be no substantial variance in the proof relating to the description of the goods received by him. The statute punishes as a felon, without regard to the quantity or value of the property received, one who "receives stolen money, goods or property, knowing the same to have been stolen." Section 2451 Rev. Stats.

Under the allegation that defendant received two cases of cigars, I think it can not be denied that he could lawfully be convicted upon proof of receiving one case of cigars; likewise if he received one case only half full, or partly filled with the cigars. The property is described as "two cases of cigars." It was unnecessary to allege that the cigars were in cases, but having so alleged the matter becomes descriptive and must, like all other descriptive matter, be substantially proved as laid. I do not understand that it would be necessary in such a case to prove that the cases were stolen property; they might have been the property of the defendant, which he had previously turned over to the thief for the purpose of being packed with stolen cigars, in which event, so far as the cases alone were concerned, there could be no receiving of stolen property by receiving defendant's own cases from the thief, but if they were filled with recently stolen cigars when received, the defendant would be

5 S. C.

guilty of receiving "two cases of cigars then lately before stolen," in strict conformity to the allegation of this information. I think this allegation means that defendant received stolen cigars in cases, and the words "two cases" are merely descriptive matter, showing the state or condition in which the cigars were when received. Now, it is clearly shown by the evidence in this case that the cigars and the cases containing them were both stolen, and of course if the defendant received them on the night of September 4th, acording to Shimmy's testimony, he received precisely the same number and in precisely the same cases and in the precise condition as when stolen, and the allegation of the information is not only substantially, but literally met by such proof. If, however, he did not receive them until next morning, and at the time and during the process of receiving them they were removed from the cases in the presence of defendant, and he then and there assisted in removing them from the cases, and then and there took possession of the entire lot, or only a part of the entire lot, even though less than an entire case, I believe that he is guilty of a complete offense under the statute, and that there is no material variance between the allegation of the description of the property received and the proof. If a party were charged with stealing a ham covered with a napkin, and the evidence showed that he carefully removed the napkin without moving the ham, and then took the ham, leaving the napkin, would the varience be material? If one be indicted for receiving a bottle of stolen whiskey, and the proof showed that the bottle was only half full, or that the receiver did not take manual possession of the bottle, but held a jug or quart cup while defendant poured the bottle of whiskey into it, would the variance between

the allegation and proof be material? I believe not. The
defendant in such a case could not be misled by so in-
substantial a variance, nor would the offense proven be
different from that charged; and it seems to me that it
would be going beyond the verge of technicalities to say
that a change in the outward form or characteristics of a
stolen article effected during the process of receiving
such stolen property, or during the process of stealing it,
should protect the receiver or the thief, against conviction
on an indictment properly describing the property as it
existed when the process of receiving or stealing was be-
gun, though not as it existed at the completion of the
offense.   I do not understand that any of the authorities
cited by the court contravenes the position I have as-
sumed. In Commonwealth v. Gavin, 121 Mass. 54, S. C. 25
Am. Rep. 255, defendant was indicted for stealing "six
bottles of whiskey and six bottles of brandy," and the evi-
dence showed that the liquor was in casks and drawn
therefrom into bottles by defendant.   The court held the
variance fatal.   If the liquor had been in bottles, but the
defendant had drawn it from the bottles into his own
vessels, it seems to me the conviction could and would
have been sustained upon the principles I have stated.
In State v. Moore, 11 Ired. 70, defendant was indicted for
stealing two barrels of turpentine, while the proof showed
that the turpentine was stolen by dipping it from boxes
in the trees, and it was afterwards put into two barrels
by defendant.   The court held the variance fatal.   If,
however, the turpentine had been in barrels when stolen,
and the defendant effected the larceny by drawing it from
the barrels and placing it in his own vessels, I think the
variance would be immaterial.   The text-books cited re-
fer to these and similar cases, and do not in my judgment

announce a rule different from that contended for by me. Indeed, I have found no direct authority upon the subject, either for or against the view I entertain. If one be charged with stealing a case of salmon, and it be shown that the case was open and he simply took the boxes of salmon therefrom constituting a full case, four dozen, would the variance be fatal because the thief failed to steal the box? Must he steal the case too, to make him guilty of the larceny of a case of salmon? And can a different rule be applied to the larceny of a case of cigars? I think not. Tested by the rules I believe to be applicable, I think there is no error in the instruction given on behalf of the State, and that the one requested by defendant was properly refused under the facts of the case. The instruction given required the jury to find that defendant *received* some part of the cigars *out of the two cases* which had been theretofore stolen, but whether in a case or not was immaterial. This, I think, was a correct exposition of the law, as applied to one theory of the evidence growing out of the testimony of Shimmy, to the eyect that defendant was present when the cigars were unpacked, and received the cigars as they were taken out of the cases and boxes. The instruction refused was broad enough to deny this theory of the case, and as applied to the evidence supporting that theory would have nullified the instruction just considered. It asserted that defendant could not be convicted upon proof that he received a lot of loose cigars, neither in cases nor boxes, even though the cigars received by him came out of and were part of the cigars so stolen in the cases. If, as I have stated, defendant was present when the cigars were taken from the cases and boxes, and received them as they were taken from these cases and boxes, in a loose state, he would be

guilty, but under this instruction, if given, the jury would have been bound to acquaint. This instruction, as applied to that theory of the case does not state the law correctly and it was, therefore, properly refused. If the instruction had been so framed as to convey the idea that if the jury believed from the evidence that the defendant did not receive the stolen cigars, or any of them until they were carried to his house by Shimmy on the morning of September 5th, and that when so carried to his house and received by him they were in a loose state, and not in cases, they should acquit, I think the instruction would have been correct as applied to the testimony of Guzman, if his testimony furnishes an inference or supports the theory that the cigars were first received at defendant's house on September 5th, which the majority of the court seems to think is the case, but which I doubt; but whether it does or not, the instruction asked is not confined to that theory of the receiving, but would include the theory which I have shown is supported by one phase of Shimmy's testimony.

From what has been said it will appear that in my opinion the court properly denied the motion to instruct the jury to find defendant not guilty upon the ground stated in the motion, and that there was no error in the instruction given, or in the ruling refusing defendant's requested instruction. I think the judgment ought to be affirmed.