WILLIAM G. KORAB v. STATE OF NEBRASKA.

FILED JANUARY 31, 1913.   No. 17,615.

Information: SUFFICIENCY: ARREST OF JUDGMENT. An information for
    receiving stolen property does not state facts constituting an
    offense, where the property is described only as "the personal
    property of John Lightfoot of the value of $48, then lately before
    stolen;" and, after a verdict of guilty on such an information,
    it is error to overrule a motion in arrest of judgment.

ERROR to the district court for Boyd county: R. R.
DICKSON, JUDGE. *Reversed.*

*W. T. Wills* and *M. F. Harrington,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Ed-
gerton, contra.*

ROSE, J.

In a prosecution by the state, William G. Korab, de-
fendant, was convicted of receiving stolen property valued
by the jury at $38, and for that offense was sentenced to
serve in the penitentiary a term of not less than one nor
more than seven years. As plaintiff in error he now seeks
a reversal of his conviction.

The information was made by the county attorney of
Boyd county, Nebraska, and charged: "William G.
Korab, late of the county aforesaid, on the 14th day of
March, A. D. 1912, in the county of Boyd and the state of
Nebraska, aforesaid, unlawfully and feloniously did re-
ceive the personal property of John Lightfoot of the value
of $48, then lately before stolen, taken and carried away,
with the intent of him, the said William G. Korab, to
defraud said John Lightfoot, he then and there well know-
ing the said personal property to have been stolen."

Defendant did not bring r-> a bill of exceptions. The
only assignment of error available to him here is the over-
ruling of a motion in arrest of judgment. "That the facts

stated in the indictment do not constitute an offense" is a statutory ground for sustaining such a motion. Criminal code, sec. 493. Were the facts stated sufficient to charge a felony? The inquiry is directed to the description of the property. It is described in the information as "the personal property of John Lightfoot of the value of $48, then lately before stolen." The prosecutor intended to charge defendant with violating the following statutory provisions: "If any person shall receive or buy any goods or chattels of the value of thirty-five dollars or upwards, that shall be stolen or taken by robbers, with intent to defraud the owner, or shall harbor or conceal any robber or thief guilty of felony, knowing him or her to be such, every person so offending shall be imprisoned in the penitentiary no more than seven years, nor less than one year." Criminal code, sec. 116.

An information for larceny may contain also a count for receiving the stolen property. Criminal code, sec. 419. Since both offenses may be charged in the same information, the rules for determining the sufficiency of the description in charging larceny apply substantially in a prosecution for the single offense of receiving stolen property. In this state the law has been stated thus: "In an indictment or information for larceny the property alleged to have been stolen should be described with sufficient particularity to enable the court to determine that such property is the subject of larceny; to advise the accused with reasonable certainty of the property meant, and enable him to make the needful preparations to meet such charge at the trial." *Barnes v. State,* 40 Neb. 545. This is the general rule. An eminent text-writer says: "As in larceny, so in receiving, the transaction is identified by the description of the stolen things, and their ownership; namely, the thing stolen must be described in the same manner as in larceny." 2 Bishop, New Criminal Procedure (4th ed.) sec. 982.

In the present case the description, "personal property of John Lightfoot of the value of $48," did not enable the

court to determine that the property was the subject of larceny, nor advise defendant with reasonable certainty of the property meant, so as to enable him to make the needful preparation to meet the charge at the trial. The information, according to the correct rule and the one supported by the weight of authority, was insufficient to charge defendant with the felony denounced by the statute. *Merwin v. People,* 26 Mich. 298; *State v. Kosky,* 191 Mo. 1; *Gabriel v. State,* 44 Fla. 57; *Brown v. State,* 116 Ga. 559; *Wells v. State,* 90 Miss. 516. The facts stated in the information being insufficient to charge an offense, the motion in arrest of judgment should have been sustained. It necessarily follows that the sentence must be reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., not sitting.