## STATE v. RUSSELL JORDAN.

(Filed 27 February, 1946.)

**Burglary § 13b—**

Defendant was tried upon an indictment charging burglary in the first degree, and there was evidence tending to support the allegations of the bill. The solicitor, in apt time, announced that he would not ask for a verdict of more than burglary in the second degree. The jury returned a verdict of guilty "as charged in the bill of indictment." The sentence presupposed conviction of burglary in the second degree, G. S., 14-52. *Held:* Defendant's motion to set aside the verdict should have been allowed. G. S., 14-51.

APPEAL by defendant from *Harris, J.,* at October Term, 1945, of DARE.

Criminal prosecution tried upon indictment in which it is charged that the prisoner did, about the hour of 12 in the night of 10 June, 1945, with force and arms, at and in the County of Dare, feloniously and burglariously break and enter the dwelling house of one Doris H. Twiford, then and there actually occupied by Doris H. Twiford and Iva Payne, with intent then and there to ravish and carnally know Doris H. Twiford and Iva Payne, forcibly and against their wills in the said dwelling house then and there being, against the peace and dignity of the State.

There was evidence tending to support the allegations of the bill. Iva Payne testified that she was spending the night with Doris Twiford; that they were sleeping in a room on the second floor; that she was awakened during the night by someone touching her side. When she arose to see what it was, "Doris flashed on the light, and I said, 'It is a man.' . . . I recognized him; it was Russell Jordan . . . and when the light shined on him he ran out of the room."

The solicitor, in apt time, announced that he would not ask for a verdict of more than burglary in the second degree.

The defendant offered evidence of an alibi.

Verdict: "Clerk: What say you as to the defendant, Russell Jordan? Do you find him guilty or not guilty as charged in the bill of indictment?

"Juror: We find him guilty of entering the house without permission.

"Clerk: Is he guilty or not guilty as charged in the bill of indictment?

"Juror: Russell Jordan, Guilty."

At the instance of the defendant, the jury was polled, and each by name asked: "Do you find the defendant, Russell Jordan, guilty or not guilty as charged in the bill of indictment?" Each juror replied: "Guilty."

Judgment: Imprisonment in the State's Prison for not less than 12 nor more than 18 years.

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody and Tucker for the State.*
*M. B. Simpson and R. Clarence Dozier for defendant.*

STACY, C. J. The defendant was tried for burglary in the second degree on an indictment charging him with burglary in the first degree. G. S., 14-51. All the evidence indicates the dwelling-house was actually occupied at the time of the alleged burglarious entry. *S. v. Spain,* 201 N. C., 571, 160 S. E., 825; *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605. The verdict, as rendered without challenge, shows the defendant was convicted of burglary in the first degree, or was found guilty "as charged in the bill of indictment." This is a capital offense. G. S., 14-52. True, the clerk certifies "That defendant Russell Jordan was found guilty of second degree burglary as charged in the bill of indictment." Such, however, seems to be the clerk's interpretation of the verdict, rather than a precise certification of it. The sentence imposed presupposes a conviction of burglary in the second degree. G. S., 14-52.

It is permissible under our practice to convict a defendant of a less degree of the crime charged, G. S., 15-170, or for which he is being tried, when there is evidence to support the milder verdict, *S. v. Smith,* 201 N. C., 494, 160 S. E., 577, with G. S., 15-171, available in burglary cases, *S. v. McLean,* 224 N. C., 704, 32 S. E. (2d), 227, but it would seem to be without precedent to try a defendant for one offense and to convict him of another and greater offense, even though the conviction be of a higher degree of the same offense for which he is being tried. The defendant's motion to set aside the verdict was well interposed.

No rulings are made on the other exceptions.

New trial.