### STATE v. EARL HARE.

(Filed 14 December, 1955.)

**1. Robbery § 1—**

> G.S. 14-87 does not change the offense of common-law robbery or divide it into degrees, but merely provides more severe punishment when the offense is committed or attempted with the use or threatened use of firearms or other dangerous means.

**2. Indictment and Warrant § 22—**

> While an indictment will support a conviction of a less degree of the crime therein charged, it will not support a conviction for an offense more serious than that charged.

**3. Criminal Law § 11—**

> The common-law rule that an attempt to commit a felony is a misdemeanor remains unchanged in this State except where otherwise provided by statute.

**4. Criminal Law § 60b—**

> Where defendant is charged with attempted robbery with firearms, his plea of guilty of robbery without firearms is insufficient to support judgment.

**5. Habeas Corpus § 2—**

> Where upon *habeas corpus* it appears that petitioner is serving a sentence under a void judgment, petitioner is entitled to his immediate release, without prejudice to the right of the solicitor to prosecute the petitioner on a new bill of indictment, if so advised.

CERTIORARI to review the order of *Sharp, Special Judge,* in *habeas corpus* proceeding, upon petition of Earl Hare.

This cause is here upon a *writ of certiorari* issued by this Court on 29 September, 1955, to review the judgment below dismissing the *writ of habeas corpus* and remanding the petitioner to custody under a former judgment of the Superior Court.

At the October Term, 1947, of the Superior Court of Lee County, North Carolina, two true bills of indictment were returned against Earl Hair (Hare), Joe T. Harris, and Joe C. Cashwell. One of the bills of indictment contained two counts, the first charging conspiracy to commit larceny and the second larceny. The second bill of indictment charged the defendants with attempted robbery with firearms.

The cases were consolidated for trial. Certified copy of the plea and judgment entered in the consolidated cases against the petitioner shows the following: "The defendant Earl Hair (Hare) pleads guilty to conspiracy and robbery without firearms. Let the defendant Earl Hair (Hare) on the charge of conspiracy be confined in the State's Prison for not less than 8 years nor more than 10 years and on the charge of robbery without firearms be confined in the State's Prison for not less than 7 years nor more than 8 years. The sentence of 7 to 8 years to begin at the expiration of the sentence of 8 to 10 years for conspiracy. John J. Burney, Judge Presiding."

The petitioner began serving the 8- to 10-year sentence for conspiracy on 21 October, 1947, and completed that sentence on 6 March, 1953, at which time he began serving the 7- to 8-year sentence for robbery without firearms.

*Attorney-General Rodman, Assistant Attorney-General Love, R. Brookes Peters, General Counsel for the State Highway & Public Works Commission, and Parks H. Icenhour, attorney for Highway Commission, for the State.*

*Clyde A. Douglass, II, for petitioner.*

DENNY, J. The question to be determined is whether the petitioner is entitled to his release since he is being held under a judgment entered upon a plea of guilty of an offense for which he has never been indicted. The indictment with respect to robbery only charged that the defendants, with the threatened use of certain firearms, to-wit: a pistol, attempted to take personal property, etc. Robbery with firearms is not charged.

We have repeatedly held that the purpose and intent of the Legislature in enacting G.S. 14-87 was to provide for more severe punishment for the commission of robbery when such offense is committed or at-

tempted with the "use or threatened use of any firearms or other dangerous weapon, or implement or means," than is provided for common-law robbery. This statute does not attempt to change the offense of common-law robbery or to divide it into degrees. *S. v. Chase,* 231 N.C. 589, 58 S.E. 2d 364; *S. v. Jones,* 227 N.C. 402, 42 S.E. 2d 465; *S. v. Keller,* 214 N.C. 447, 199 S.E. 620.

A defendant may be indicted for robbery with firearms and be acquitted of that specific charge and convicted of the included crime of common-law robbery without firearms, or a lesser degree of the latter crime if the evidence so warrants. *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834. However, it does not follow that upon an indictment that only charges an attempt to commit robbery with firearms, a defendant may be convicted of common-law robbery. Under such an indictment, a defendant might be convicted of an attempt to commit robbery without firearms. This Court said in *S. v. Jordan,* 226 N.C. 155, 37 S.E. 2d 111, "It is permissible under our practice to convict a defendant of a less degree of the crime charged, G.S. 15-170, or for which he is being tried, when there is evidence to support the milder verdict, *S. v. Smith,* 201 N.C. 494, 160 S.E. 577, . . ., but it would seem to be without precedent to try a defendant for one offense and to convict him of another and greater offense, even though the conviction be of a higher degree of the same offense for which he is being tried."

"An indictment will not support a conviction for an offense more serious than that charged. Where an indictment or information charges only a misdemeanor, accused may not be convicted of a felony. One charged with simple larceny cannot be convicted of robbery or of larceny from the person, merely because the proof discloses the commission of the greater crime; nor can one charged with petit larceny be convicted of grand larceny, however great the proved value of the stolen property may be. Under an indictment for assault with intent to rob, accused cannot be convicted of robbery." 42 C.J.S., Indictments and Informations, section 300, page 1330.

It is likewise said in 14 Am. Jur., Criminal Law, section 272, page 952, "A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the indictment or information." Cited and approved in *S. v. Robinson,* 224 N.C. 412, 30 S.E. 2d 320.

At common law, an attempt to commit a felony was a misdemeanor. *S. v. Boyden,* 35 N.C. 505; *S. v. Jordan,* 75 N.C. 27; *S. v. Stephens,* 170 N.C. 745, 87 S.E. 131. Our law in this respect remains unchanged.

except where otherwise provided by statute. *S. v. Spivey*, 213 N.C. 45, 195 S.E. 1; *S. v. Surles*, 230 N.C. 272, 52 S.E. 2d 880.

From the facts disclosed on the record before us, we hold that the court was in error in accepting the plea of guilty of common-law robbery without firearms, in the absence of a bill of indictment charging such crime, and, therefore, the plea was insufficient to support the judgment. Hence, the judgment is void and the petitioner is entitled to his discharge.

What we have said herein is without prejudice to the right of the solicitor to prosecute the petitioner on the bill of indictment charging him with an attempt to commit robbery with firearms, if so advised. However, the petitioner having served over two years and eight months under a void judgment, he is ordered released from custody under his present commitment. Therefore, let this opinion be certified forthwith to the Superior Court of Lee County to the end that the petitioner may be released from custody. *S. v. Austin*, 241 N.C. 548, 85 S.E. 2d 924.

Reversed.