STATE OF NORTH CAROLINA v. CHARLES EARL COUNCIL AND
NICK DONALD McIVER

No. 6914SC496

(Filed 22 October 1969)

**1. Indictment and Warrant § 14— sufficiency of indictment — motion to quash**

A motion to quash is a proper method to raise the question of the sufficiency of the bill of indictment.

**2. Robbery § 1— common-law robbery — armed robbery — G.S. 14-87.**

G.S. 14-87 does not change the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission or attempted commission of the offense sentence shall be imposed as therein directed.

**3. Robbery § 1— common-law robbery defined**

Robbery is the taking, with intent to steal, of the personal property of another, from his person or in his presence, without his consent or against his will, by violence or intimidation.

**4. Robbery § 2— indictment — description of property taken**

An indictment for robbery must contain a description of the property sufficient to show that such property is the subject of robbery.

**5. Robbery § 1— property taken — subject to larceny**

To constitute the offense of robbery the property taken must be such as is the subject of larceny.

**6. Robbery §§ 2, 4— indictment — proof — property taken**

In a robbery prosecution it is not necessary or material to describe accurately or prove the particular identity or value of the property other than to show that it was property of the person assaulted or in his care and had a value.

**7. Robbery § 2— indictment — description of property taken**

An indictment for armed robbery which alleges that the property taken was "personal property of the value of ..........." is fatally defective in failing to describe the property taken in the robbery.

APPEAL by defendants from *Ragsdale, S.J.,* 26 May 1969 Criminal Session of DURHAM Superior Court.

Defendants, along with one Matthew Turrentine were indicted for armed robbery. Evidence for the State tended to show that at about 10:30 p.m. on 23 January 1969, Council and McIver, along with two others, accosted one Lee Ray Bergman and Eleanor Louise Schaffer as they walked toward a parking lot adjacent to the grocery store operated by Bergman where Miss Schaffer was employed as a clerk. Bergman testified that he had just closed his store and had with him a bag containing, among other things, his day's receipts. Bergman did not recognize any of the defendants except McIver who, he said, approached him with a pistol and demanded his money. Upon Bergman's refusal McIver shot him in the neck, grabbed the bag containing the money and ran away. Miss Schaffer, who was walking some ten or fifteen feet ahead of Bergman, testified that of the four in the group she could recognize only the defendant Council. She stated that after she heard a gunshot one of the three boys who had remained with her grabbed her pocketbook and the group ran in the direction of a nearby community center. The State also offered Henry Smith, a fourteen year-old boy, who testified that at about 10:30 p.m. on 23 January 1969, while he was on the playground of the community center he heard a gunshot and shortly thereafter saw Turrentine, Council and McIver and another person running through the alley.

Each of the defendants offered evidence tending to show that they were elsewhere at the time of the alleged robbery.

Each of the defendants made motions for nonsuit at the close of the State's evidence and at the close of all the evidence. The motion was granted as to Turrentine and denied as to Council and McIver. The jury returned a verdict of "guilty of attempted armed robbery" as to McIver and as to Council a verdict of "guilty of aiding and abetting Nick Donald McIver of attempted armed robbery on the person· of Lee Ray Bergman." From judgment on the verdict both defendants appeal.

*Attorney General Robert Morgan by Trial Attorney Charles M. Hensey and Staff Attorney James E. Magner for the State.*

*A. H. Borland for defendant appellant Council.*

*Joe C. Weatherspoon for defendant appellant McIver.*

VAUGHN, J.

Upon the call of the case and the reading of the bill of indictment the defendants moved to quash the bill of indictment on the grounds that it did not express within itself a description or value of the property alleged to have been taken. The motions were denied. To the denial of the motions to quash and the denial of the motions for judgment of nonsuit the defendants assign error.

A motion to quash is a proper method to raise the question of the sufficiency of the bill of indictment. *State v. Walker,* 249 N.C. 35, 105 S.E. 2d 101. The part of the indictment for armed robbery which is pertinent to this appeal alleges that the defendants "did . . . take, steal and carry away personal property of the value of ............ from the presence, person, place of business and residence of Lee Bergman . . ."

In the case of *State v. Greer,* 238 N.C. 325, 77 S.E. 2d 917, the Supreme Court considered the validity of a bill of indictment and Parker, J., (now C.J.) stated:

> "The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case. *S. v. Cole,* 202 N.C. 592, 163 S.E. 594; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392; *S. v. Gibbs,* 234 N.C. 259, 66 S.E. 2d 883."

[2]     The statute under which the State attempts to indict the defendants, G.S. 14-87, does not add to or subtract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission or attempted commission of the offense sentence shall be imposed as therein directed. *State v. Hare,* 243 N.C. 262, 90 S.E. 2d 550.

[3-5]     Robbery is merely an aggravated form of larceny. It is the taking, with intent to steal, of the personal property of another, from his person or in his presence, without his consent or against his

will, by violence or intimidation. *State v. Smith*, 268 N.C. 167, 150 S.E. 2d 194. In order to commit robbery, property must be taken, which is larceny; thus the taking or attempted taking of property is an essential element of robbery. An indictment for robbery must contain a description of the property sufficient, at least, to show that such property is the subject of robbery. To constitute the offense of robbery the property must be such as is the subject of larceny. *State v. Partlow*, 272 N.C. 60, 157 S.E. 2d 688.

In *State v. Strickland*, 243 N.C. 100, 89 S.E. 2d 781, we find the following with reference to indictment for larceny:

> "As to the sufficiency of description of property in an indictment for larceny, this is stated in a note to *Jones v. State*, 64 Fla. 92, 59 So. 892, L.R.A. 1915 B 71, in the L.R.A. volume: 'To apply the rules deducible from the cases it seems that property alleged to have been taken should be described by the name usually applied to it when in the condition it was in when taken, and where possible to state the number or quantity, kind, quality, distinguishing features, etc., thereof.'"

It is true, as the State contends, that in numerous cases the Supreme Court has stated that in an indictment for robbery, unlike an indictment for larceny, the kind and value of the property taken is not material — the gist of the offense is not the taking but a taking by force or putting in fear. However, as was pointed out in *State v. Guffey*, 265 N.C. 331, 144 S.E. 2d 14, in those cases the objection was not that there was no description but that the description was insufficient. The indictments described the property in general terms such as "money." In that case the pertinent part of the indictment for robbery alleged:

> "That Lawrence Guffey . . . unlawfully, wilfully, and feloniously did make an assault on Ben Hudson and him in bodily fear and danger of his life did put, and take, steal and rob him of the value of One Thousand Dollars, from the person and possession of the said Ben Hudson, then and there did unlawfully, wilfully, feloniously, forcibly and violently take, steal and carry away. . . ."

[6] This indictment was held to be fatally defective for insufficient description and failure to allege that property was taken. In robbery it is not necessary or material to describe accurately or prove the particular identity or value of the property, further than to show that it was the property of the person assaulted or in his care, and had a value. *State v. Mull*, 224 N.C. 574, 31 S.E. 2d 764. Although value need not be averred by a specific allegation, it must appear

from the indictment that the article taken had some value. 77 C.J.S., Robbery, § 37, p. 474.

[7]    The allegation in this bill of indictment that the property taken was "personal property of the value of ............" is insufficient to charge the offense of robbery. We therefore hold that the indictment is fatally defective. The defendants, however, are not entitled to discharge. The State may put them on trial under a proper bill of indictment if it so elects.

We find it unnecessary to discuss the remaining assignment of error relating to the denial of defendants' motions for judgment as of nonsuit except to state that there was ample evidence introduced by the State to repel the motions.

Judgment arrested.

MALLARD, C.J., and BRITT, J., concur.