HOBSON, Judge
(dissenting).
Under § 811.021(5) F.S. it is sufficient for the information to describe the stolen property in general terms. Rule 3.140(g) RCrP provides that no information should be dismissed unless the court shall be of the opinion that it is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. A defendant does not waive objections based upon fundamental grounds. Rule 3.190(c) RCrP.
I have found no decisional law in Florida on the precise question presented. In Grant v. State, 1895, 35 Fla. 581, 17 So. 225, the Supreme Court, in considering an indictment for embezzlement, said:
“ . . . The general rule is that an indictment for embezzlement should state the description of the property embezzled with the same particularity as is required in an indictment for larceny.”
******
“ . . . The omission to describe the property alleged to have been embezzled is a fatal objection at any stage of the case the same may be presented, including a motion in arrest of judgment.”
Courts in other jurisdictions have held that indictments or informations which failed to describe the property were fundamentally defective. See Korab v. State, 1913, 93 Neb. 66, 139 N.W. 717; Wilson v. State, 1962, 171 Tex.Cr.R. 391, 356 S.W.2d 928; Mankin v. State, Tex.Cr.App., 1970, 451 S.W.2d 236; State v. Guffey, 1965, 265 N.C. 331, 144 S.E.2d 14; State v. Council, 1969, 6 N.C.App. 397, 169 S.E.2d 921; State v. Stewart, 3 Ariz.App. 178, 412 P.2d 860.
Since the informations charging appellants with grand larceny contain no description of the goods and chattels taken, they are fundamentally defective. Therefore, the motion in arrest of judgment should have been granted.