## STATE v. KIRKPATRICK

[120 N.C. App. 405 (1995)]

———————————

STATE OF NORTH CAROLINA v. COYE HAVEN KIRKPATRICK

No. COA94-1322

(Filed 3 October 1995)

### Criminal Law § 1043 (NCI4th); Indictment, Information, and Criminal Pleadings § 57 (NCI4th)— defendant convicted of greater offense than that charged—judgment void

Because defendant was convicted of the substantive crime of uttering an instrument bearing a forged signature and was only charged with the attempt to commit that crime, the conviction is insufficient to support the judgment and the judgment is void.

**Am Jur 2d, Criminal Law § 525; Indictments and Informations §§ 257 et seq.**

Appeal by defendant from judgment entered 21 April 1994 in Alamance County Superior Court by Judge J. B. Allen, Jr. Heard in the Court of Appeals 12 September 1995.

STATE v. KIRKPATRICK

[120 N.C. App. 405 (1995)]

*Attorney General Michael F. Easley, by Assistant Attorney General J. Mark Payne, for the State.*

*Robert H. Hood III for defendant-appellant.*

GREENE, Judge.

Coye Haven Kirkpatrick (defendant) appeals from a judgment and commitment, entered after a jury verdict, sentencing him to forty-six years in prison for uttering an instrument bearing a forged endorsement, a Class I felony in violation of N.C. Gen. Stat. § 14-120, enhanced by the finding that defendant is an habitual felon, pursuant to N.C. Gen. Stat. § 14-7.1.

Defendant was indicted for attempting to utter an instrument bearing a forged signature. The jury returned a verdict of uttering an instrument bearing a forged signature.

The dispositive issue is whether defendant's conviction is supported by the indictment with which he was charged.

Although it is permissible to convict a defendant of a crime which is of a less degree than the crime with which he is charged or being tried, when there is evidence to support the conviction, our courts are not permitted "to try a defendant for one offense and to convict him of another and greater offense, even though the conviction be of a higher degree of the same offense for which he is being tried." *State v. Hare*, 243 N.C. 262, 264, 90 S.E.2d 550, 551-52 (1955) (addressing question in context of N.C. Gen. Stat. § 14-87); *compare* N.C.G.S. § 14-120 (1993) *with* N.C.G.S. § 14-87 (1993) (both providing that an attempt is of the same degree as the substantive offense). Because defendant was convicted of the substantive crime of uttering an instrument bearing a forged signature and was only charged with the attempt to commit that crime, the conviction is insufficient to support the judgment and the judgment is void. *Hare*, 243 N.C. at 264, 90 S.E.2d at 552. This is so, even though the substantive crime and attempt to commit the crime of uttering an instrument bearing a forged signature are both included in N.C. Gen. Stat. § 14-120. *Hare*, 243 N.C. at 265, 90 S.E.2d at 552.

Vacated.

Judges WYNN and SMITH concur.