STATE OF NORTH CAROLINA v. COYE HAVEN KIRKPATRICK

No. 447PA95

(Filed 10 May 1996)

**Forgery § 28 (NCI4th)— uttering a forged check—check passed but not cashed—no variance between allegation and verdict**

There was not a material variance between an allegation and a verdict and judgment where defendant attempted to cash a check with an endorsement on the back; the clerk at the convenience store knew the person to whom the check was payable, called her and learned that she had not authorized anyone to cash the check; the clerk then called the police who arrested defendant upon their arrival; and the clerk turned the check over to the police without cashing it. Both the plain language of N.C.G.S. § 14-120 and the clear precedent established by *State v. Greenlee*, 272 N.C. 651, mandate the conclusion that uttering is accomplished either when an individual passes or delivers a forged instrument or attempts to pass or deliver a forged instrument. The use of "utter" in the context of the information set forth in the indictment did not alter the charge of uttering otherwise properly alleged in the indictment and therefore did not invalidate the indictment.

**Am Jur 2d, Forgery §§ 20, 33, 34.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 120 N.C. App. 405, 462 S.E.2d 557 (1995), vacating a judgment entered by Allen (J.B., Jr.), J., on 21 April 1994 in Superior Court, Alamance County. Heard in the Supreme Court 9 April 1996.

STATE v. KIRKPATRICK

[343 N.C. 285 (1996)]

*Michael F. Easley, Attorney General, by J. Mark Payne, Assistant Attorney General, for the State-appellant.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for defendant-appellee.*

MITCHELL, Chief Justice.

Defendant, Coye Haven Kirkpatrick, was convicted of uttering a check with a forged endorsement and was given an enhanced sentence pursuant to our habitual felon statute, *see* N.C.G.S. § 14-7.6 (1993), of a term of imprisonment of forty-six years. The Court of Appeals acting *ex mero motu* concluded that there was a material variance between the allegation and the verdict and judgment, reasoning that defendant was convicted of the substantive crime of uttering an instrument bearing a forged signature but was only indicted for the attempt to commit that crime. As a result, the Court of Appeals vacated the verdict and judgment against defendant without reaching the assignments of error presented by defendant. We allowed the State's petition for discretionary review on 7 December 1995, and now reverse and remand.

Evidence presented at trial tended to show that on 7 November 1993, defendant attempted to cash a check for $24.05, payable to Sherri Mann, at a convenience store in Burlington. The check was endorsed on the back. The clerk at the convenience store knew Mann and called her to see whether she had authorized anyone to cash the check. Mann told the clerk that she had not. The clerk then called the police, who arrested defendant upon their arrival. The clerk did not cash the check, but did turn it over to the police.

On 29 November 1993, defendant was charged in an indictment bearing the caption "UTTERING CHECK FORGED ENDORSEMENT" and alleging a violation of N.C.G.S. § 14-120. The indictment alleged that

> the defendant named unlawfully, willfully and feloniously did attempt to utter, publish, pass and deliver as true to JIMMY CLAYTON D/B/A CAR SHOP #2 . . . a check of FOLKS OF NORTH CAROLINA, INC., in the amount of $24.05 . . . payable to SHERRI C. MANN and dated 10/25/93, which contained a forged and falsely made endorsement of SHERRI C. MANN. The defendant knew at the time that the endorsement was falsely made and forged and acted for the sake of gain and with the intent TO [sic] injure and defraud.

The jury returned a guilty verdict for the offense of uttering a check bearing a forged endorsement.

The version of N.C.G.S. § 14-120 in effect at the time of the crime provided that the offense of "Uttering forged paper or instrument containing a forged endorsement" is committed when

> any person, directly or indirectly, whether for the sake of gain or with intent to defraud or injure any other person, shall utter or publish any such false, forged or counterfeited instrument as is mentioned in G.S. 14-119 [defining forgery], or *shall pass or deliver, or attempt to pass or deliver,* any of them to another person (knowing the same to be falsely forged or counterfeited) . . . [or when] any person, directly or indirectly, whether for the sake of gain or with intent to defraud or injure any other person, shall falsely make, forge or counterfeit any endorsement on any instrument described in the preceding section, whether such instrument be genuine or false, or shall knowingly utter or publish any such instrument containing a false, forged or counterfeited endorsement or, knowing the same to be falsely endorsed, *shall pass or deliver or attempt to pass or deliver* any such instrument containing a forged endorsement to another person . . . .

N.C.G.S. § 14-120 (1993) (emphasis added). In *State v. Greenlee,* 272 N.C. 651, 159 S.E.2d 22 (1968), this Court upheld the conviction of a defendant charged under this statute, noting that uttering "consists in offering to another the forged instrument with the knowledge of the falsity and with intent to defraud," *id.* at 657, 159 S.E.2d at 26, and that " 'the mere offer of the false instrument with fraudulent intent constitutes an uttering or publishing, the essence of the offense being, as in the case of forgery, the fraudulent intent regardless of its successful consummation,' " *id.* (quoting 23 Am. Jur. *Forgery* § 5, at 677 (1939)).

Both the plain language of N.C.G.S. § 14-120 and the clear precedent established by this Court's interpretation of that statute in *Greenlee* mandate the conclusion that uttering is accomplished either when an individual passes or delivers a forged instrument or *attempts* to pass or deliver a forged instrument. While the Court of Appeals determined that the indictment in this case was for the offense of "attempted uttering," N.C.G.S. § 14-120 provides only for the offense of uttering, which was committed by the "mere offer" of the forged check in this case.

We find further support in other authorities for our conclusion that the crime of "uttering" includes an attempt to offer a forged instrument. *Black's Law Dictionary* defines "utter" as

> [t]o put or send (as a forged check) into circulation; to publish or put forth; to offer. To utter and publish an instrument, as a counterfeit note, is to declare or assert, directly or indirectly, by words or action that it is good, uttering it is a declaration that it is good, with an intention or offer to pass it. To utter, as used in a statute against forgery and counterfeiting, means *to offer, whether accepted or not*, a forged instrument, with the representation, by words or actions, that the same is genuine.

*Black's Law Dictionary* 1547 (6th ed. 1990) (emphasis added). Uttering is defined in *Corpus Juris Secundum* as "the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud. *It is not essential that . . . the instrument be accepted as genuine . . . .*" 37 C.J.S. *Forgery* § 37, at 57 (1943) (emphasis added). Finally, *Wharton's Criminal Law* informs us that "[a] forged instrument is uttered when it is offered to another as genuine, *without regard to whether it is so accepted.*" 4 Charles E. Torcia, *Wharton's Criminal Law* § 515, at 153 (14th ed. 1981) (emphasis added and footnote omitted).

With respect to the allegation in defendant's indictment stating that defendant "unlawfully, willfully and feloniously did attempt to utter, publish, pass and deliver" the check, the word "utter" was mere surplusage that did not alter the crime charged. "Allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage." *State v. Taylor*, 280 N.C. 273, 276, 185 S.E.2d 677, 680 (1972). In this case, the prosecutor used the word "utter" in a reiterative fashion along with "publish, pass and deliver" to make out the charge of uttering. The indictment set out allegations sufficient to show that defendant's actions satisfied the elements of the crime at issue in this case without the surplus word "utter." The use of "utter" in the context of the information set forth in the indictment did not alter the charge of uttering otherwise properly alleged in the indictment and therefore did not invalidate the indictment.

While defendant contends that this Court's decision in *State v. Hare*, 243 N.C. 262, 90 S.E.2d 550 (1955), mandates the conclusion that the indictment in the present case was sufficient only to make out a charge of "attempted uttering," we conclude that *Hare* is inap-

posite. In *Hare*, this Court concluded that N.C.G.S. § 14-87, North Carolina's robbery statute, includes the offenses of robbery with a dangerous weapon and attempted robbery with a dangerous weapon, and that an indictment alleging attempted robbery—a lesser included offense of robbery—is different from and would not support a conviction for robbery. *Id.* at 264-65, 90 S.E.2d at 551-52. While defendant argues that *Hare* governs in this case and that attempted uttering is a lesser included offense of uttering, we do not agree. Under N.C.G.S. § 14-120, the offering, whether successful or unsuccessful, of a forged instrument with the intent to defraud is uttering. As the indictment charged the defendant with uttering—the crime for which the jury found him guilty—the Court of Appeals erred in vacating the verdict and the judgment of the trial court.

For the foregoing reasons, we reverse the decision of the Court of Appeals and remand this case to that court so that it may address the assignments of error originally presented and argued by defendant on appeal.

REVERSED AND REMANDED.