STATE v. RICHARD CROCKETT.

*Evidence—Statement of Third Persons—Practice.*

1. Statements of a bystander charging a defendant with crime, when made in his presence and undenied by him, are evidence against such defendant.
2. Exceptions based upon an alleged variance between the charge and the evidence will not be heard for the first time on appeal; they should have been made in apt time on the trial.

(*State* v. *Bullard*, 79 N. C.. 627, cited and approved.)

INDICTMENT for an Assault upon and resisting an officer, tried at Special Term, 1880, of WAKE Superior Court, before *Avery, J.*

The facts appear in the opinion. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Messrs. Bledsoe & Bledsoe* and *J. C. L. Harris,* for defendant.

SMITH, C. J. The defendant is charged in a single count

with assaulting and beating one George Lane, an acting deputy of the sherriff, with intent to resist the officer and prevent his own arrest for an unlawful assault upon his wife committed in presence of said officer, and upon his trial was found guilty. No complaint was made of the instructions given the jury, and no others asked.

The only point presented in the case which accompanies the appeal is the admissibility of certain declarations made to Lane by a brother of the defendant. The material facts testified to by Lane and others, bearing upon the question, are these : Lane, who resides about two hundred yards from the house of the defendant, heard the sound of blows stricken and cries of defendant's wife, whose voice he recognized, proceeding from that direction, and went over to the gate near the house, met the defendant and asked to be allowed to enter. This was refused, and thereupon a brother of the defendant, also at the gate, said to Lane, in the presence and hearing of the defendant, " Dick," meaning the defendant, " is a bad man ; he has been beating his wife ; he will kill her ; you had better take him up." To this no answer or explanation was made. The evidence of these declarations was objected to by the defendant's counsel, but received by the court. In consequence of these representations and apprehensions expressed by the brother, Lane entered and undertook to make the arrest, but was forcibly resisted and prevented from doing so. Subsequently Lane procured a warrant, surrounded the house, which the defendant had closed up and locked, with a *posse* summoned to his assistance during the night. And the next morning, Lane, after reading the warrant to the defendant, again endeavored to make the arrest and took hold of his person, but the latter again resisted, and forcibly threw off the officer.

No grounds are assigned for the rejection of the evidence and we see none ourselves. It was both competent and pertinent; competent in the absence of contradiction, as an ad-

mission of the defendant to be considered and weighed by the jury; pertinent, as influencing the action of Lane, and showing the need of prompt interposition. The law and practice are two well settled and uniform to require citation or reference in support of the ruling of the court.

The argument before us for the defendant was based upon an alleged repugnancy between the averment in the bill that the beating of the wife was in presence of the officer, and the evidence that it occurred while he was two hundred yards distant. If the exception has force it should have been taken on the trial and an acquittal demanded because of the variance, and it cannot be allowed to be taken for the first time in this court. We cannot depart from a rule so salutary and useful in itself, and sanctioned by long usage. *State* v. *Ballard*, 79 N. C., 627. Nor are we disposed to concede the proposition that the offence was not perpetrated in the presence of the officer, in the sense that it became his duty to interfere and protect a defenceless woman from the further violence and fury of an angry husband, which, as a brother feared, might lead to a fatal result.

The alleged repugnancy of a needless averment, not descriptive of a constituent of the offence charged, which was assaulting and resisting the officer, but of matter outside and entirely immaterial, ought not to have been allowed, had the objection been taken in time to prevent the finding of the jury. There is no error, and this will be certified to the end that judgment be pronounced on the verdict, and it is so ordered.

PER CURIAM.                                    No error.