STATE v. ROSE BURTON.

*Admissions—Evidence.*

1. The rule that an admission of the truth of a statement, made by another in the presence of a party to an action, will be inferred from his silence, applies to the prosecutor in a criminal action

2. To authorize such inference it must clearly appear, not only that the statement was fully understood, but also that it was of such a character, or made under such circumstances as would naturally call for some reply.

(*Guy* v. *Manuel,* 89 N. C., 83; *State* v. *Bowman,* 86 N. C., 442; *State* v. *Crockett,* 82 N. C., 599, cited and approved).

THIS WAS an indictment for an assault and battery with a deadly weapon, and with intent to kill, tried before *Gilmer, Judge,* at Fall Term, 1885, of GRANVILLE Superior Court.

There were several exceptions taken on the trial, to the ruling of the Court upon the admission of evidence.

The main question involved, was as to the identity of the defendant. The prosecutrix, introduced as a witness for the State, testified, that in August, 1884, the defendant, at night, came to her house disguised as a man, in men's clothing, with her face partially concealed with a white cloth, and beat her with a heavy stick, severely on her head and body, and ran her away from her house. On cross-examination, the witness was asked what was the state of feeling between her and the defendant, proposing to show that it was unfriendly. The defendant objected to the evidence, but it was allowed, and the defendant excepted. The witness answered, the defendant was very angry with her.

As bearing on the means of identification, the State was allowed, after objection by the defendant, to prove by this witness, that about a week before the assault, the defendant was at the witness' house, disguised as a man, and the witness then recognized her.

The defendant, testifying in her own behalf, denied being at the house of the prosecutrix at the time of the alleged assault, and also introduced evidence tending to prove an *alibi.*

One Home was introduced by the defendant, who proposed to show by him, that he met the prosecutrix and another woman, the night of, or the night after, the alleged assault, and that the other woman narrated to the witness, in the presence and hearing of the prosecutrix, what had happened, stating that the person who committed the assault was unknown. This was offered as tending to contradict the prosecutrix. The State objected to the evidence, and it was not allowed, and the defendant excepted.

The jury returned a verdict of guilty. There was judgment against the defendant, from which she appealed to this Court.

*Attorney General*, for the State.
*Mr. Robert W. Winston*, for the defendant.

ASHE, J. (after stating the facts). We think there was error in excluding the testimony of the witness, Home, by whom it was proposed by defendant to prove what was said by another woman, in the presence and hearing of the prosecutrix, in regard to the identity of the person who had committed the assault. The conversation occurred either on the night, or the night after, the assault, when the circumstances of the transaction were fresh in the memory of the prosecutrix, and before she had made a statement to any one, so far as appears, as to the person who committed the act, and while there was an inquiry as to the perpetrator.

The doctrine is thus laid down by Taylor on Evidence, §733: "Admissions may also be implied from the acquiescence of the party. But acquiescence of the party, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary demeanor or conduct of the party, and whether it be acquiescence in the conduct or in the language of others, it must plainly appear, that such conduct was fully known, or such language fully understood by the party, before any inference can be drawn from his passiveness or silence. The circumstances too, must not only be such as afford him an opportunity to act or to speak, but such also as would *properly and naturally call for some action or reply, from men similarly situated.*"

In *Guy* v. *Manuel*, 89 N. C., 83, this Court held, that "to make the statement of others evidence against a party, on the ground of his implied admission of its truth, it must be made on an occasion *when a reply from him might properly be expected.* State v. Bowman,* 80 N. C., 432; *State* v. *Crockett*, 82 N. C., 599. Wharton on Evidence, 1136.

It is true, the principles announced by the authorities cited, are applied either to parties to an action, or to defendants charged with crime, but we can see no reason why, by analogy, they should not apply to the prosecutrix in a criminal action, as

here, when a violent assult had just been committed, and the inquiry is made as to the person who had committed the act, and it was said in the presence and hearing of the prosecutrix, who had been so recently assaulted, that the *person was unknown,* it was most natural, and therefore to be expected, that she would, at once say, " I know who did the act." But she was silent, and it is to be presumed that she did not know, or she would have spoken. It must be admitted, that is a very slight presumption, for she may have had some motive for being passive. But still, it was some evidence tending to impugn the credibility of the prosecutrix, and it should have been submitted to the jury, to be weighed by them for what it was worth, and in the refusal to submit it to the jury, we think there was error.

There were some other exceptions taken in the course of the trial, which we think it unnecessary to consider, as the error on this point, secures to the defendant a new trial.

We have not overlooked an error in the judgment rendered below, which was in the alternative, but as a new trial is to be awarded, that is immaterial, as a proper judgment may be rendered, should the defendant be again convicted.

There is error. Let this be certified to the Superior Court of Granville county, that a *venire de novo* may be awarded.

Error.                                              Reversed.