STATE v. RALPH DILLS and LUTHER E. OSBORNE.

(Filed 26 June, 1935.)

1. Criminal Law G 1—

In order for defendant's silence in the face of accusations of guilt to be competent as an implied confession, it is necessary that the circumstances be such as to call for a denial by him.

2. Same—Circumstances held not such as to call for denial by defendants of accusation of guilt.

Defendants, arrested on a charge of murder, had denied to the officers that they were present at the scene of the crime. Thereafter defendants were forced by the officers to hear read affidavits of codefendants charging them with complicity in the crime. *Held:* Defendants' silence in the presence of the officers upon the reading of the affidavits was not under circumstances calling for a denial by them, since they might well have thought that nothing further could be accomplished by again denying their guilt to the same parties, and evidence of their silence was improperly admitted as an implied confession by them.

3. Constitutional Law F a—Under circumstances of this case, defendants were within constitutional rights in remaining silent in face of accusations against them.

Defendants, charged with murder, were forced by officers to hear read affidavits of codefendants charging them with complicity in the crime. *Held:* If the accusations were true, defendants were within their constitutional rights in remaining silent in the face of the accusations, since no one should be forced to incriminate himself, or to make false statements to avoid so doing.

4. Criminal Law G 1—Under circumstances of this case implied confessions were not voluntary, and testimony thereof was incompetent.

Defendants, under arrest upon a charge of murder, were forced by officers to hear read affidavits of codefendants charging them with complicity in the crime. *Held:* Evidence of defendants' silence in the face of the accusations was not competent as being implied confessions by defendants for that they were forced to hear the affidavits read, and therefore their failure to speak were not voluntary actions, and confessions are competent only when voluntarily made.

APPEAL from *Alley, J.,* at November Term, 1934, of GUILFORD. New trial.

The appellants Ralph Dills and Luther E. Osborne were tried jointly with Paul Sams, Robert Smith, and Reuben Varner, upon a bill of indictment charging them with the murder of one William Davis. Sams and Smith were acquitted, Varner was convicted of second degree murder and sentenced to imprisonment, and Dills and Osborne were convicted of first degree murder and from judgment of death appealed to the Supreme Court, assigning errors.

STATE *v.* DILLS.

*J. A. Myatt for appellant Ralph Dills.*
*Gold, McAnally & Gold for appellant Luther E. Osborne.*
*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

SCHENCK, J.   Since they are decisive of this appeal, it becomes necessary for us to discuss only those assignments of error which assail the admission of certain evidence offered by the State.

While all five of the defendants named in the bill were under arrest, two of them, Sams and Smith, made separate voluntary affidavits which exculpated the affiants and inculpated the appellants.   The appellant Osborne, while under arrest, was taken by the high sheriff of Guilford County from his cell into a private room adjoining the city jail and was then and there in the presence of the sheriff, his deputies and others compelled to hear read the affidavit of Sams, and to hear Sams say it was correct.   The sheriff and others were permitted, over objections and exceptions duly taken, to testify that under these circumstances the defendant Osborne "said nothing."   Substantially the same procedure was followed as to the appellant Osborne with reference to the affidavit of the codefendant Smith.   Also substantially the same procedure was followed as to the appellant Dills with reference to both affidavits and both affiants.   Neither of the affiants, Sams or Smith, was introduced as a witness at the trial of the cause.

The rule generally followed is that statements made to or in the presence and hearing of a person accusing him of the commission of or complicity in a crime are, when not denied, admissible in evidence against him as warranting an inference of the truth of such statements. 1 R. C. L., 479.   However, the occasion must be such as to call for a reply or denial.   "It is not sufficient that the statement was made in the presence of the defendant against whom it is sought to be used, even though he remained silent; but it is further necessary that the circumstances should have been such as to call for a denial on his part, and to afford him an opportunity to make it."   16 C. J., 659; *S. v. Wilson,* 205 N. C., 376.

We are of the opinion that the instant occasions were not such as to make a reply from the appellants necessary.   They had already been arrested and placed in jail, and had denied to the officers that they were present at the scene of the crime, and nothing more could be accomplished, or at least they might readily have thought nothing more could be accomplished, by again denying to the same parties their guilt.

To have made their failure to deny the accusations of their complicity in the murder of William Davis contained in the affidavits of

their codefendants competent against the appellants, it must have been made to appear that such failure occurred upon such an occasion as to call for a reply. "To make the statements of others evidence against one on the ground of his implied admission of their truth by silent acquiescence, they must be made on an occasion when a reply from him might be properly expected. . . . But where the occasion is such that a person is not called upon or expected to speak, no statements made in his presence can be used against him on the ground of his presumed assent from his silence." *Guy v. Manuel*, 89 N. C., 83.

There could have been but one purpose in forcing the appellants to hear read the affidavits in the presence of the affiants, and that was to procure evidence against them; and, if the accusations were true, the appellants had one of three courses to pursue, either admit their truth and thereby admit their own guilt, or deny them and thereby make false statements, or remain silent. We think in remaining silent the appellants acted within their legal rights, since no man should be forced to incriminate himself, or to make false statements to avoid so doing.

The admission of the testimony to the effect that the appellants remained silent in the face of hearing read the affidavits was also error for the reason that to render any confession admissible in evidence it must be voluntarily made. "Confessions are of two kinds, voluntary and involuntary. Voluntary confessions are admissible in evidence against a defendant; involuntary confessions are not. A confession is voluntary in law when—and only when—it was in fact voluntarily made. *Ziang Sung Wan v. United States*, 266 U. S., 1, 69 L. Ed., 131. The voluntariness of a confession is a preliminary question to be determined by the judge in passing upon its competency as evidence. *S. v. Andrew*, 61 N. C., 205. And in deciding the question of its admissibility in evidence, the judge may hear the testimony of witnesses pro and con. *S. v. Whitener*, 191 N. C., 659, 132 S. E., 603. If an alleged confession is excluded, its competency cannot arise on appeal; but, if admitted, it may." *S. v. Newsome*, 195 N. C., 552, 566. We cannot hold that the appellants' failure to speak were voluntary actions, when they were forced by the officers of the law, who had them in custody, to hear the affidavits read.

For the reasons assigned, the appellants are entitled to have their cause tried before another jury, and it is so ordered.

New trial.