STATE v. J. PAUL FRIZZELLE, JR.

(Filed 12 April, 1961.)

**1. Criminal Law §§ 156, 161—**

Where the court in the instructions to the jury charges that a certain person had made an incriminating statement in the presence of defendant, and it appears that the person referred to did not testify at the trial but that the instruction was based upon incompetent hearsay evidence as to what such person had stated, the inadvertence relates to a material fact not shown in evidence and must be held prejudicial notwithstanding the failure to bring it to the trial court's attention in apt time.

**2. Criminal Law § 72—**

In a trial upon indictment, the admission in evidence of the warrant for the purpose of showing that a certain officer was listed as a witness for the State, introduced by the solicitor for the purpose of showing that such officer, had he been a witness, would have denied making a certain exculpatory statement at the time of the accident in question, *is held* prejudicial, the warrant being at best a self-serving declaration on the part of the State and of no greater dignity than hearsay.

**3. Criminal Law § 70—**

Evidence, written or oral, is incompetent to prove the existence of a particular fact when its probative force is dependent upon the competency and credibility of a person not a witness.

**4. Criminal Law §§ 91, 162—**

Where incompetent evidence is highly prejudicial and it is apparent that its prejudicial effect could not be removed from the minds of the jurors, error in its admission is not corrected by a subsequent withdrawal of the incompetent evidence in the charge of the court.

APPEAL by defendant from *Hooks, S. J.,* October 1960 Criminal Term of GREENE.

This is a criminal action.

Indictment (two counts): (1) Operating a vehicle on a public highway while under the influence of intoxicating liquor and (2) reckless driving.

Plea: Not guilty.

There was evidence tending to show that defendant, about 10:00 P.M. on 29 October 1959 was driving a car on a public highway within the city limits of Snow Hill. His speed was approximately 35 miles per hour. It was raining and the road was wet. Defendant's car crossed the center line of the highway and collided with a large truck going in the opposite direction. ". . . (I)t looked like . . . the car pulled directly across the highway and hit the truck. The truck pulled off and almost ran in the ditch, on its right hand . . . . The

car struck the truck on the front fender. . . . The car got a right good ways to the left; it looked like over the center line, of course the truck was pulling away from him all the time. It happened fast." Defendant explained that he reached up to wipe his windshield and the accident happened while he was so engaged. There was testimony that he had the odor of intoxicants on his breath, he staggered and his eyes were red. There was further testimony that he was under the influence of intoxicating liquor.

Verdict: Guilty on both counts as charged.

Judgment: Prison term, suspended on conditions.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*White & Aycock for the defendant.*

Moore, J.    There are twenty-four assignments of error. We discuss only two.

(1) While Mr. Stevens, Chief of Police of Snow Hill, was testifying for the state on direct examination, the following transpired:

Witness: ". . . (T)he driver, which was a colored man, made the statement — that he saw the truck coming and he pulled clean off the road — now there might have been — I say clear off — his front wheels were clear off the road and the rear end could have been just on, maybe a foot.

"COURT: "He said what, Chief?

"WITNESS: He made the statement that he saw the truck coming, I mean the car coming, and he pulled off to keep from getting hit — pulled off the highway. Exception."

Later, while giving the State's contentions, the court instructed the jury: ". . . that the colored man who was driving the truck said there, in the presence of the defendant, that he saw the car coming and he pulled off the highway to keep from getting hit . . . ."

The driver of the truck did not testify at the trial. The record does not disclose that he made any statement in defendant's presence. The statement attributed to him gives a much worse impression of defendant's conduct in driving than that of the eyewitness who testified. The statement of the truck driver was pure hearsay. In causing it to be repeated by the witness and in charging the jury that it was made in the presence of defendant, the court erred to the prejudice of defendant. The question propounded by the judge eliciting a repetition of the hearsay evidence tended to emphasize it and impress it on the minds of the twelve. "Ordinarily an inadvertence in stating the facts

in evidence (in charging the jury) should . . . be brought to the attention of the trial court in apt time. But where the misstatement is of a material fact not shown in evidence, it is not required that the matter should have been brought to the trial court's attention." (Parentheses added) Strong. N.C. Index, Vol. 1, Appeal and Error, s. 24, p. 102; *Baxley v. Cavenaugh,* 243 N.C. 677, 92 S.E. 2d 68.

(2). Mr. Pridgen, a State highway patrolman, who was an eyewitness to the collision and observed defendant on the occasion in question, was absent from the State and did not testify at the trial.

During the testimony of Mr. Letchworth, a police officer, on redirect examination the following took place:

"Q. Mr. Letchworth, the defendant testified that you were present at the time a statement was allegedly made by Officer Pridgen with respect to — that 'Mr. Frizzelle, I am glad you were not drinking.' Did you overhear any such statement by Mr. Pridgen?

"A. No, I didn't hear him make no statement.

"THE STATE OFFERED ORIGINAL WARRANT AS EVIDENCE.

"OBJECTION.

"COURT: For what purpose do you offer it?

"MR. ROUSE: I offer it to show, Your Honor, that Mr. Pridgen's name is on that Warrant as a witness for the State.

"COURT: Is this the Warrant that he is being tried under now?

"MR. ROUSE: He is being tried on a Bill of Indictment, Your Honor. It is a request for a Jury trial — that is, the original Warrant indicates it.

"MR. WHITE: That is the basis of my OBJECTION, Your Honor.

"OBJECTION OVERRULED. Exception.

"WARRANT ADMITTED AS EVIDENCE FOR THE STATE. Exception." In the charge the court withdrew the warrant from the jury's consideration.

It is obvious that the solicitor desired the jury to gain the impression that Pridgen, if present, would testify that he had not said to defendant: "Mr. Frizzelle, I am glad you were not drinking." Mr. Pridgen was listed on the warrant as a State's witness. The solicitor's statement was made in the presence of the jury. It is reasonable to assume that the able solicitor took full advantage of this item of evidence in his argument to the jury. At the very best this evidence was self-serving on the part of the State and was of no greater dignity than hearsay.

"Evidence, oral or written, is called hearsay when its probative force depends, in whole or in part, upon the competency and credi-

bility of some person other than the witness by whom it is sought to produce it." Stansbury: North Carolina Evidence, s. 138, p. 274.

The evidence was designed both to impeach defendant's credibility and to show his guilt. It is true that the court sought to withdraw it, but it had already been impressed on the minds of the jury. Its predudicial effect was not subject to correction. *State v. Choate,* 228 N.C., 491, 500, 46 S.E. 2d 476.

We are of the opinion that the assignments of error herein discussed when considered with other assignments and the trial as a whole, were prejudicial and require that the case be retried.

New trial.