STATE v. LAWRENCE GUFFEY AND GENE CLONTZ.

(Filed 26 February 1964.)

**1. Criminal Law § 48—**

In order for silence of defendant in the face of an incriminating statement to be competent as an implied admission of guilt, it must appear that the statement was made in the presence and hearing of the defendant, that defendant understood the statement, that the statement was made under circumstances naturally and properly calling for a reply, that the declarant or some person present had the right to the information, and that defendant had an opportunity to reply.

**2. Same—**

It is better practice for the court in the absence of the jury to hear evidence *pro* and *con* before determining the competency of admissions or confessions by reason of silent acquiescence.

**3. Same— Silence held not an implied admission of guilt under the circumstances disclosed by the evidence in this case.**

The fact that defendants, charged with robbery, are silent in the face of a statement, made to officers in their presence, that one of defendants paid for a car with twenty dollar bills and had a roll of twenty dollar bills left, and that the other defendant offered to sell a car having bullet holes in its right-hand side, even though the facts recited, in connection with other facts adduced, are incriminating in nature, *held* not competent as an implied admission of guilt, the statement not having been addressed to defendants and not in itself containing a charge of crime, and there being no showing that defendants had an opportunity to reply.

**4. Criminal Law § 70—**

Testimony of statements of a person not a witness that one defendant had paid for a car with twenty dollar bills and that the other had tried to sell another car having bullet holes in its side, is hearsay and incompetent to prove the facts recited in the statements.

APPEAL by defendants from *McLaughlin, J.,* August 1963 Special Session of RUTHERFORD.

Criminal action. The jury convicted defendants on an indictment for common law robbery. From judgment imposing active prison sentences defendants appeal.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Hamrick & Hamrick for defendants.*

MOORE, J. The evidence for the State is summarized in part as follows: The defendants, Clontz and Guffey, went to the home of Ben Hudson on the night of 8 May 1963 and knocked at the door. Hudson, who

had gone to bed, got up and opened the door. Guffey blew out the lamp and Clontz grabbed Hudson and held him. Guffey took Hudson's overalls and went outside. There were two billfolds in the overalls, one contained $960 in $20 bills, the other contained $11. Clontz released Hudson and went outside; Hudson followed yelling, and Clontz struck him and threatened to kill him. Defendants got in a white Chevrolet and drove off., Hudson called to his son, Clyde, who lived nearby, told him that he had been robbed and asked him to stop the car. Clyde shot at the car with a rifle; several bullets struck the right-hand side of the car but it did not stop. Officers were called. Hudson described the man who had blown out the lamp and stated that he would recognize him if he saw him again but did not know his name; he also said that he would be able to identify the other man by his voice. The overalls were found some distance away but the money was missing. The defendants were arrested the following day and placed in jail. Hudson picked Guffey from a "line up" and identified him as the man who blew out the lamp. Clontz was not identified by¡ Hudson at the jail. At the trial Hudson positively identified both defendants as the robbers and stated that he had known them 15 to 20 years. There was other evidence of a circumstantial nature tending to implicate the defendants.

Defendants offered no evidence.

Over the insistent objection of defendants the court permitted Wilbur Kizer, a deputy sheriff of Rutherford County, and John Vanderford, a member of the State Bureau of Investigation, to testify to statements made by one Johnny Walker in the presence and hearing of defendants. According to the witnesses, Walker made the statements in the jail after defendants were arrested and in custody, and the witnesses, Kizer and Vanderford, and Walker, Melvin Sisk and the defendants were present. Defendants made no response and did not deny the truth of the statements.

Kizer and Vanderford testified in substance that Walker, in the presence and hearing of defendants, stated to Vanderford that on the morning of 9 May 1963 the defendants came to the home of Melvin Sisk in Forest City and Clontz bought from Walker a Dodge automobile for $200, paid for it in $20 bills and had a roll of $20 bills left, that Guffey offered to sell Walker a 1960 Chevrolet automobile, that Walker, Sisk and the defendants went in the Dodge to a location where they found a white Chevrolet in a field near the edge of a wooded area, that Walker bought the Chevrolet from Guffey and paid $25 for it, that it had several bullet holes in the right-hand side and Guffey told Walker he should make the holes larger with a knife and he could tap the car with an ax where the bullet holes were and it would be easier to fix.

Neither Walker nor Sisk testified at the trial.

The challenged evidence is not admissible unless it is competent as an admission by adoption or acquiescence. When a statement is made, either to a person or within his hearing, implicating him in the commission of a crime, to which he makes no reply, it may be inferred under certain circumstances that the statement is true else he would have denied it. It is not sufficient that the statement was made in the presence of the defendant against whom it is sought to be used and that he failed to deny it; It is further necessary that the circumstances should have been such as to call for a denial on his part, and to afford him an opportunity to make it. Silence alone is not what gives the incident probative value. Where the occasion is such that the person is not called upon or expected to speak, no statement made in his presence can be used against him because of his silence. The mere silence of the party creates no evidence, one way or the other. The temperaments of people and their conception of the fitness of things are so variant, and the silence of an accused may spring from such a variety of motives (some of which may be consistent with innocence), that failure to reply to or deny a statement is liable to misinterpretation and abuse and evidence thereof should be received with great caution and, except under well recognized conditions, should be held inadmissible altogether. It is not the silence of defendant, but his conduct or some circumstance in connection with the statement made in his presence that gives the statement evidentiary weight. *State v. Wilson*, 205 N.C. 376, 171 S.E. 338; Stansbury: North Carolina Evidence (1946), § 179, pp. 389-392; 31A C.J.S., Evidence, §§ 295, 296, pp. 755-760. See also: *State v. Temple*, 240 N.C. 738, 83 S.E. 2d 792; *State v. Rich*, 231 N.C. 696, 58 S.E. 2d 717; *State v. Evans*, 189 N.C. 233, 126 S.E. 607.

Furthermore, an admission or confession, even where it may be implied by silence, must be voluntary. Any circumstance indicating coercion or lack of voluntariness renders the admission incompetent. *State v. Hawkins*, 214 N.C. 326, 199 S.E. 284; *State v. Dills*, 208 N.C. 313, 180 S.E. 571. No one can be forced to incriminate himself, or to make a false statement to avoid doing so. *State v. Dills, supra.* A person has the right to be silent unless there is good, natural and proper occasion for speaking. *State v. Wilson, supra.* The statement and the circumstances under which it is made must call for a reply, and defendant must exhibit some act of the mind amounting to voluntary demeanor or conduct. *State v. Burton*, 94 N.C. 947. However, if the evidence is otherwise competent, the mere fact that defendant is under arrest or in jail does not necessarily render the admission inadmissible. *State v. Hawkins, supra; State v. Riley*, 188 N.C. 72, 123 S.E. 303. Incarceration is only a circumstance to be considered in determining the competency of the purported admission by adoption.

To render evidence of an admission by silent acquiescence competent, the statement must have been made in the presence and hearing of the defendant, he must have understood it, he must have understood that it contained an accusation against him, it must be of such content or made under such circumstances as to call for a reply, that is, it must be such as to render a reply natural and proper, the declarant or some person present must have the right to the information, and there must have been an opportunity for reply. *State v. Burton, supra;* 31A C.J.S., Evidence, § 295, pp. 755-759. For an exhaustive list of cases from this jurisdiction illustrating the rules herein stated and showing circumstances under which such evidence is admissible and circumstances where inadmissible, see footnotes under § 179 of Stansbury.

In determining the admissibility of admissions or confessions by reason of silent acquiescence, it is the better procedure for the court, in the absence of the jury, to hear evidence *pro* and *con* bearing upon their competency. *State v. Dills, supra.* If it is determined that the admission is otherwise competent, a conflict of evidence as to whether defendant heard the statement is for the jury. *State v. Walton,* 172 N.C. 931, 90 S.E. 518.

It is our opinion that the evidence challenged by defendants' exception in the instant case should have been excluded. Defendants had been arrested and were in jail; they were denying guilt. There is no evidence that they had sent for Walker and Sisk. The statement made in their presence did not, standing alone, involve them in any criminal act. Walker did not accuse them of robbing Hudson or taking the money. It is true that the statement attributed to them acts which, when considered in connection with other circumstances disclosed at the trial, would tend to incriminate them and identify them as the robbers. But the statement, of itself, was not necessarily inconsistent with innocence. The record does not disclose that the officers at the time the statement was made knew that there would be evidence to link the acts stated with the robbery, or if they did know that they so advised defendants. The statement made by Walker was addressed to Officer Vanderford, not to defendants. The record does not show that defendants were asked any questions or even given an opportunity to reply to Walker's statement. The only evidence of their reaction to the statement, if any, is that they did not deny it. There is nothing to indicate that they were expected to speak. The officers probably preferred that they make no reply. If they had unequivocally denied the statement, the evidence would at all events have been inadmissible. *State v. Dills, supra.* It would appear that the officers were providing a means of dispensing with the necessity of using Walker and Sisk as witnesses at the trial. The record simply shows that defendants were in

jail, a statement was made in their presence, and they did not deny it. Mere silence is not enough.

The evidence was not competent as an implied admission, and it was therefore incompetent under the hearsay rule. "Evidence, oral or written, is called hearsay when its probative force depends, in whole or in part, upon the competency and credibility of some person other than the witness by whom it is sought to produce it." Stansbury, § 138, p. 274; *State v. Frizzelle,* 254 N.C. 457, 119 S.E. 2d 176. Walker did not testify at the trial. There was no opportunity to determine his competency or credibility as a witness by cross-examination or otherwise.

New trial.