### STATE v. LAWRENCE GUFFEY.

(Filed 22 September, 1965.)

**1. Criminal Law § 99—**

Testimony of the prosecuting witness tending to identify defendant as one of the perpetrators of the offense established by the evidence, even though there be contradictions and discrepancies in the State's evidence as to identity, is sufficient to overrule nonsuit.

**2. Criminal Law § 107—**

A charge presenting the principal features of the evidence relied on respectively by the prosecution and the defense is sufficient, G.S. 1-180, and if defendant desires further elaboration on a subordinate feature he must tender request therefor.

**3. Robbery § 1—**

In order to constitute common law robbery there must be a taking of personal property, although the value of such personal property is not material if the taking is by force or putting the owner in fear.

**4. Robbery § 2—**

An indictment for robbery that charges that defendant did by force take, steal and rob the prosecuting witness "of the value of one thousand dollars" is insufficient to charge the offense of common law robbery, since the indictment must describe the property sufficiently to show that the property is the subject of robbery.

**5. Same—**

A charge in the bill of indictment must be complete in itself and may not be aided as to an essential element of the offense by averment in the prior warrant.

**6. Criminal Law § 121—**

Arrest of judgment for insufficiency of the indictment does not entitle defendant to his discharge, since the State, if it so elects, may put defendant on trial upon a proper indictment.

APPEAL by defendant from *Clarkson, J.,* March 1965 Session .of RUTHERFORD.

Criminal action. Defendant was convicted on a charge of common law robbery, and judgment was entered imposing an active prison sentence.

*Attorney General Bruton and Assistant Attorney General Sanders for the State.*
*Hamrick & Hamrick for defendant.*

MOORE, J. A former appeal in this case was heard by us at the Spring Term 1964. A new trial was awarded because of error in the admission of evidence. Our opinion on that appeal contains a general statement of the facts. *State v. Guffey,* 261 N.C. 322, 134 S.E. 2d 619.

Appellant's assignments of error, in the present appeal, relating to the denial of his motion for nonsuit and to the charge are not sustained. The question whether the testimony of the prosecuting witness, tending to identify appellant as one of the robbers, has any probative force was for the jury. "Contradictions and discrepancies, even in the State's evidence, are for the jury to resolve, and do not warrant nonsuit." 1 Strong: N. C. Index, Criminal Law, § 99; *State v. Bass,* 255 N.C. 42, 120 S.E. 2d 580. In instructing the jury the court is not required to recapitulate all of the evidence. The requirement of G.S. 1-180 that the judge state the evidence is met by presentation of the principal features of the evidence relied on respectively by the proscution and defense. A party desiring further elaboration on a subordinate feature of the case must aptly tender request for further instructions. 1 Strong: N. C. Index, Criminal Law, § 107; *State v. Davis,* 246 N.C. 73, 97 S.E. 2d 444.

In this Court appellant, for the first time, moved in arrest of judgment on the ground that the indictment is defective upon its face and is insufficient. *State v. Dunston,* 256 N.C. 203, 123 S.E. 2d 480. The indictment in pertinent part alleges:

"That Lawrence Guffey . . . unlawfully, wilfully, and feloniously did make an assault on Ben Hudson and him in bodily fear and danger of his life did put, and take, steal and rob him of the value of One Thousand Dollars, from the person and possession of the said Ben Hudson, then and there did unlawfully, wilfully, feloniously, forcibly and violently take, steal and carry away. . . ."

Appellant contends that the indictment is fatally defective in that it does not describe the property taken.

Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Lawrence,* 262 N.C. 162, 136 S.E. 2d 595; *State v. Stewart,* 255 N.C. 571, 122 S.E. 355. It will be noted that an element of the offense is the taking of money or goods, *i.e.,* personal property.

We have said in a number of cases that in an indictment for robbery the kind and value of the property taken is not material — the gist of the offense is not the taking, but a taking by force or putting in fear. *State v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34; *State v. Brown,* 113 N.C. 645, 18 S.E. 51; *State v. Burke,* 73 N.C. 83. See also *State v. Mull,* 224 N.C. 574, 31 S.E. 2d 764. However, in these cases the objection was not that there was no description but that the description was insufficient; the indictments described the property in general terms, such as "money."

In our opinion an indictment for robbery must contain a description of the property sufficient, at least, to show that such property is the subject of robbery. To constitute the offense of robbery the property taken must be such as is the subject of larceny. *State v. Trexler,* 4 N.C. 188; 46 Am. Jur., Robbery, § 8, p. 142. Larceny, as a common law offense, is concerned with personal property only and, unless otherwise provided by statute, does not include the severance, taking and carrying away of chattels real. *State v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149. "Any money or personal property, corporeal in nature or capable of appropriation by another than the owner, and which is recognized by law as property, may be the subject of larceny." 32 Am. Jur., Larceny, § 74, p. 983.

The indictment in the instant case does not describe the property or even state that property was taken. It merely states that the accused did "rob him (prosecuting witness) of the value of One Thousand Dollars." What it was that had this value does not appear. In our opinion the indictment is insufficient. G.S. 15-153 does not dispense with the requirement that the essential elements of an offense must be charged in the bill of indictment. *State v. Gibbs,* 234 N.C. 259, 66 S.E. 2d 883. The warrant under which appellant was originally arrested itemizes and describes the property with sufficient particularity. But the warrant does not supply the deficiency in the bill. A charge in a bill of indictment must be complete in itself, and contain all of the material allegations which constitute the offense charged. *State v. Smith,* 241 N.C. 301, 84 S.E. 2d 913. It is an essential of jurisdiction that a criminal offense shall be sufficiently charged in the indictment. *State v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901.

Judgment is arrested. But appellant is not entitled to discharge. The State, if it so elects, may put him on trial upon a proper indictment.

Judgment arrested.