STATE OF NORTH CAROLINA v. SAMMY KAY MORROW

No. 8226SC695

(Filed 1 March 1983)

**Criminal Law § 66.17— possible improper out-of-court identification procedure — independent origin of in-court identification**

The trial court properly found that a larceny victim's in-court identification was independent of and untainted by his possibly improper showup identification of defendant where the evidence indicated that the victim felt someone remove his wallet from his back pocket as he waited in line at a bus stop; that the victim immediately turned around and observed, face to face at a distance of one foot to eighteen inches, a black man dressed in white pants, a navy jacket and a dark hat standing behind him smiling and holding the victim's wallet; that the victim then observed the man run down the street; that the victim's attention was completely focused on the defendant when he turned to see who had taken his wallet; and that the victim stated he looked the defendant over so he could remember him.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 18 February 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 January 1983.

Defendant was charged with common law larceny. From a verdict of guilty and entry of judgment, defendant appeals. His appeal questions the admissibility of evidence of the victim's out-of-court and in-court identification of defendant as the person who took his wallet. We hold the defendant suffered no prejudice as a result of the admission in evidence of the victim's out-of-court and in-court identification of the defendant.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Assistant Appellate Defender Nora B. Henry, for defendant-appellant.*

EAGLES, Judge.

It appears from the record that defendant has failed to follow North Carolina Rules of Appellate Procedure 10(b)(1) which requires that exceptions be "properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action. . . . Each exception shall be set out immediately following the record of judicial action to which it is addressed. . . ." But while the defendant failed to enter objections at trial following the judicial actions to which he now excepts and assigns as error, we nevertheless have examined each assignment on its merits.

In this case, within minutes after the crime occurred, the victim, Williams, reported having his wallet stolen and described to police officers the perpetrator's dress and physical appearance. Defendant was picked up by the police a few minutes later and was immediately taken to Williams, who upon observing the defendant sitting in the back seat of a police car, identified defendant as the person who had taken his wallet.

Defendant first contends that this out-of-court identification procedure was impermissibly suggestive and that defendant was unfairly prejudiced by the admission of the out-of-court identification into evidence. The practice of showing suspects singly to persons for purposes of identification has been widely condemned. *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974). We need not

address the question of whether the out-of-court identification procedure was improper in this case since we hold that, regardless of the propriety of the circumstances of the showup, the victim's in-court identification was independent of and untainted by his out-of-court identification, and standing alone was sufficient evidence of identity to allow the question of defendant's innocence or guilt to go to the jury.

The evidence at trial indicated and the trial court on *voir dire* found as a fact that at about 2:00 p.m. the victim, John Williams, felt someone remove his wallet from his back pocket as he waited in line at a bus stop. Williams immediately turned around and observed, face to face at a distance of one foot to eighteen inches, a black man dressed in white pants, a navy jacket and a dark hat standing behind him smiling and holding Williams' wallet. Williams then observed the man run down the street.

The court found further that Williams' attention was completely focused on the defendant when he turned to see who had taken his wallet, and that Williams stated he looked the defendant over so he could remember him. Nothing indicated that Williams' in-court identification was suggested by another person, nor was there any evidence that Williams was irreparably mistaken as to the identification of the defendant. Finally, the court found no evidence indicating an infirmity on the part of Williams which would have prevented him from observing the perpetrator at the time the crime was committed and remembering his observations.

> When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the test of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts.

*State v. Tuggle,* 284 N.C. 515, 520, 201 S.E. 2d 884, 887 (1974).

The above findings of fact are supported by competent evidence and sufficiently support the trial court's conclusion that the in-court identification was based on Williams' observation of

defendant at the time of the theft and that it was independent of the out-of-court identification. As in *State v. Whitney*, 26 N.C. App. 460, 216 S.E. 2d 439 (1975), we conclude that the victim's in-court identification of defendant was of independent origin and not tainted by a showup at which defendant was exhibited to the victim while sitting alone in a police car.

Finally, we need not examine defendant's last contention that the out-of-court identification impermissibly bolstered evidence of the in-court identification, since the issue was not raised as an assignment of error in the record. North Carolina Rules of Appellate Procedure 10(c).

For the foregoing reasons, in the trial we find

No error.

Judges HEDRICK and JOHNSON concur.