TYSON, Judge.
David Clinton Divinie ("defendant") appeals from judgment entered after a jury found him to be guilty of common law robbery. We find no error.
I. Background
The State's evidence tended to show that at approximately 9:00 p.m. on the evening of 26 March 2004 Ms. Wilma Coffey ("Coffey") and her friend, Ms. Lorraine French ("French"), left a restaurant after eating dinner. As they walked down a sidewalk, a man approached Coffey and asked for directions. The man snatched Coffey's purse and ran to a waiting vehicle operated by another man whom French identified in court as defendant. The purse contained cash, checks, and a number of credit and bank cards, including a Sam's Club/Wal-Mart Visa card.
Sammy Dickerson ("Mr. Dickerson") testified that on 28 March 2004 he went outside his residence to feed his dogs and found checks, credit cards, and other materials in or about the dog's food bowl. He called Coffey, who informed him that her purse had been stolen. Mr. Dickerson found the items near where defendant, defendant's son, and daughter had parked their vehicle while visiting his residence at approximately 10:30 p.m. on 26 March 2004, the day of the robbery. Mr. Dickerson testified that defendant and his son acted very nervous, especially when they heard sirens. His son also asked to borrow a shirt from Mr. Dickerson saying they had just stolen a twelve-pack of beer from a store and he had thrown his shirt away. Mr. Dickerson observed that defendant's son did not bring any beer with him and that tape covered the last two digits of the license plate of defendant's vehicle. Defendant's son explained that he had covered the numbers so the vehicle would not be traced after they ran from the store.
Kasey Goins Dickerson ("Mrs. Dickerson"), wife of Mr. Dickerson, testified that defendant came to her residence on 26 March 2004 and returned to her residence the next day. Defendant asked her whether a Sam's Club credit card could be used at a Wal-Mart store. Defendant's son also gave her a change purse.
Coffey identified the change purse given to Mrs. Dickerson as an item in her pocketbook which was stolen from her.
Defendant's son subsequently pled guilty to common law robbery and testified as a defense witness. He confessed that he snatched Coffey's purse. He identified the driver of the getaway car as a guy named, "Tommy," whom he had solicited to participate in the crime. He did not know "Tommy's" surname or where he resided. He did not give "Tommy" any of the money or other spoils from the robbery.
Defendant's daughter also testified that she and her father watched television together while her brother was gone for about forty-five minutes the evening of 26 March 2004. After her brother returned, they all went to Mrs. Dickerson's residence.
On 7 June 2004, defendant was charged with common law robbery. On 9 November 2004, a jury found defendant to be guilty of common law robbery and possession of property feloniously taken. The trial court arrested judgment on the charge of possession of property feloniously taken and sentenced defendant to a minimum term of twenty-four months and a maximum term of twenty-nine months for the common law robbery offense. Defendant appeals.
II. Issues
The issues on appeal are whether the trial court erred by: (1) denying defendant's motion to dismiss the charges due to insufficiency of the evidence; and (2) failing to suppress the in-court identification of defendant by French, since the identification was not reliable.
III. Motion to Dismiss
Defendant contends the trial court erred by denying his motion to dismiss. In ruling upon a motion to dismiss, the trial court determines whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). Defendant argues the evidence is insufficient to identify him as the perpetrator of the offense. He submits that none of the witnesses to the incident could describe the driver of the vehicle with specificity and French even identified a person other than defendant from a photograph lineup as the driver of the vehicle.
In deciding a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State giving it the benefit of every reasonable inference that may be drawn from the evidence. State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). Contradictions and discrepancies in the evidence are not considered and are left for resolution by the jury. State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980) . Generally, the credibility of identification testimony is for the jury's determination. State v. Guffey, 265 N.C. 331, 144 S.E.2d 14 (1965). This rule does not apply when "the only evidence identifying the defendant as the perpetrator of the offense is inherently incredible because of undisputed facts, clearly established by the state's evidence, as to the physical conditions under which the alleged observation occurred." State v. Miller, 270 N.C. 726, 731, 154 S.E.2d 902, 905 (1967). If "there is a reasonable possibility of observation sufficient to permit subsequent identification, the credibility of the witness' identification of the defendant is for the jury, and the court's doubt upon the matter will not justify granting a motion for judgment of nonsuit . . . ." Id. at 732, 154 S.E.2d at 906.
The State's evidence tends to show that French had a reasonable opportunity to observe the driver of the vehicle. She testified that she looked at the driver's face for four to five seconds from a distance of five feet. The evidence also showed that the area was well-lit by street lights. French expressed no doubt in her identification of defendant as the driver of the vehicle. Under these circumstances, the court did not err by denying defendant's motion to dismiss and submitting the credibility of French's identification testimony for resolution by the jury. This assignment of error is overruled.
IV. In-Court Identification of Defendant
By his remaining assignment of error, defendant contends the court committed plain error by not suppressing the in-court identification testimony of French. He argues her in-court identification testimony was inherently incredible or unreliable because she selected a photo of a different person as a possible perpetrator, made the in-court identification eight months after the event, and the description she gave of the driver did not state that the driver had facial hair.
Plain error may be found
only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where the error is grave error which amounts to a denial of a fundamental right of the accused," or the error has"'resulted in a miscarriage of justice or in the denial to appellant of a fair trial'" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."
State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982)). As we have held that French's identification testimony was not inherently incredible and that she had sufficient opportunity to make an identification, we discern no plain error. It was the province of the jury to decide whether to accept or reject her testimony. This assignment of error is overruled.
V. Conclusion
The trial court did not err by denying defendant's motion to dismiss and submitting the credibility of French's identification testimony for the jury's resolution . Defendant received a fair trial free from prejudicial error.
No error.
Judges MCCULLOUGH and ELMORE concur.
Report per Rule 30(e).